IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLARK'S GLASGOW POOLS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DISABATINO LANDSCAPING & TREE SERVICE, INC. and PRONTO POOLS AND PERGOLAS LLC,<br><br>　　　　　　Defendants. | Case No. 25-cv-01066-JLH |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

DiSabatino Landscaping & Tree Service, Inc. ("DiSabatino") and Pronto Pools and Pergolas LLC ("Pronto") (collectively, the "Defendants") answer the Complaint as follows. All averments stated within the Complaint are generally and categorically denied unless specifically admitted herein below, and otherwise:

1. The allegations of this paragraph contain conclusions of law to which no response is required. Plaintiff's claims are all denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. The allegations of this paragraph contain conclusions of law to which no response is required.

6. The allegations of this paragraph contain conclusions of law to which no response is required. Plaintiff's claims are all denied.

7. The allegations of this paragraph contain conclusions of law to which no response is required. Plaintiff's claims are all denied.

1

8. Denied as stated. Admitted only that prior to 2023 DiSabatino invited Clark's to perform pool work for DiSabatino clients, where DiSabatino was performing extensive design, landscaping, hardscaping and outdoor living construction.

9. Admitted that there were finished projects for DiSabatino clients which reflected the work of both DiSabatino and Plaintiff, but the work performed by each varied by project.

10. Admitted.

11. Admitted.

12. Denied as stated; all photos feature work performed by DiSabatino.

13. Denied as stated. Admitted that Defendants advertise pool design-build services.

14. Admitted.

15. Admitted.

16. Denied that the embedded image is an accurate representation of DiSabatino's website. Admitted that DiSabatino's website includes a link to Pronto's website.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted only that images on DiSabatino's website include pools constructed by Plaintiff, surrounded entirely by decking, hardscaping, landscaping and outdoor structures designed and constructed by DiSabatino for DiSabatino clients, for which DiSabatino invited Plaintiff to perform pool work. The remaining allegations are denied.

22. Admitted.

23. Admitted as to the address but the remaining allegations are denied. This image depicts decking, hardscaping, landscaping and outdoor structures designed and constructed by DiSabatino

for a DiSabatino client, where Plaintiff was invited by DiSabatino to perform pool work and the value of the work performed by DiSabatino far exceeded work performed by Plaintiff. Further, such image was professionally staged and purchased by DiSabatino.

24. Admitted that such image appears but the remaining allegations are denied.

25. Admitted as to the address but the remaining allegations are denied. This image depicts decking, hardscaping, rock wall and feature and landscaping designed and constructed by DiSabatino for a DiSabatino client, where Plaintiff was invited by DiSabatino to perform pool work. Such image was professionally staged and purchased by DiSabatino. Further, DiSabatino is in process of adding attribution to the photo to designate that the pool only was constructed by Plaintiff.

26. Admitted except such photo is in the process of being removed from the website and all other advertising.

27. Admitted.

28. Admitted as to the address but the remaining allegations are denied. This image depicts decking, hardscaping and landscaping designed and constructed by DiSabatino for a DiSabatino client, where Plaintiff was invited by DiSabatino to perform pool work. Further, such image was professionally staged and purchased by DiSabatino.

29. Admitted except such photo is in the process of being removed from the website and all other advertising.

30. Admitted.

31. Admitted as to the address but the remaining allegations are denied. This image depicts decking, hardscaping and landscaping designed and constructed by DiSabatino for a DiSabatino client, where Plaintiff was invited by DiSabatino to perform pool work. Further, such image was professionally staged and purchased by DiSabatino.

32. Admitted.

33. Admitted.

34. Admitted as to the address but the remaining allegations are denied. This image depicts decking, hardscaping, landscaping and outdoor structures designed and constructed by DiSabatino for a DiSabatino client, where Plaintiff was invited by DiSabatino to perform pool work. Such image was professionally staged and purchased by DiSabatino. Further, DiSabatino is in process of adding attribution to the photo to designate that the pool only was constructed by Plaintiff.

35. Admitted.

36. Admitted.

37. Admitted as to the address but the remaining allegations are denied. This image depicts decking, hardscaping and landscaping designed and constructed by DiSabatino for a DiSabatino client, where Plaintiff was invited by DiSabatino to perform pool work. Such image was professionally staged and purchased by DiSabatino. Further, DiSabatino is in process of adding attribution to the photo to designate that the pool only was constructed by Plaintiff.

38. Admitted except such photo is in the process of being removed from the website and all other advertising.

39. Admitted.

40. Admitted as to the address but the remaining allegations are denied. This image depicts decking, hardscaping and landscaping designed and constructed by DiSabatino for a DiSabatino client, where Plaintiff was invited by DiSabatino to perform pool work. Such image was professionally staged and purchased by DiSabatino. Further, DiSabatino is in process of adding attribution to the photo to designate that the pool only was constructed by Plaintiff.

41. Admitted except such photo is in the process of being removed from the website and all other advertising.

42. Admitted.

43. Admitted as to the address but the remaining allegations are denied. This image depicts decking, hardscaping, landscaping and outdoor structures designed and constructed by DiSabatino for a DiSabatino client, where Plaintiff was invited by DiSabatino to perform pool work. Such image was professionally staged and purchased by DiSabatino. Further, DiSabatino is in process of adding attribution to the photo to designate that the pool only was constructed by Plaintiff.

44. Denied as stated.

45. Admitted however DiSabatino is in process of adding attribution to the photo to designate that the pool only was constructed by Plaintiff.

46. Admitted however DiSabatino is in process of adding attribution to the photo to designate that the pool only was constructed by Plaintiff.

47. Admitted however DiSabatino is in process of adding attribution to the photo to designate that the pool only was constructed by Plaintiff.

48. Admitted however DiSabatino is in process of adding attribution to the photo to designate that the pool only was constructed by Plaintiff.

49. Admitted however DiSabatino is in process of adding attribution to the photo to designate that the pool only was constructed by Plaintiff.

50. Admitted however DiSabatino is in process of adding attribution to the photo to designate that the pool only was constructed by Plaintiff.

51. Admitted that DiSabatino maintains a Facebook account but the remaining allegations are denied as stated. The referenced images depict decking, hardscaping, landscaping and outdoor living structures designed and constructed by DiSabatino for DiSabatino clients, where Plaintiff was invited by DiSabatino to perform pool work. Further, all such images were professionally staged and purchased by DiSabatino.

52. Admitted that DiSabatino maintains a YouTube account but the remaining allegations are denied as stated.

53. Denied as stated. The referenced images and videos depict decking, hardscaping, landscaping and outdoor living structures designed and constructed by DiSabatino for DiSabatino clients, where Plaintiff was invited by DiSabatino to perform pool work. Further, all such images and videos were professionally staged and purchased by DiSabatino.

54. Admitted that DiSabatino maintains a Pinterest account but the remaining allegations are denied as stated. The referenced images depict decking, hardscaping, landscaping and outdoor living structures designed and constructed by DiSabatino for DiSabatino clients, where Plaintiff was invited by DiSabatino to perform pool work. Further, all such images were professionally staged and purchased by DiSabatino.

55. Admitted that DiSabatino maintains a Flikr account but the remaining allegations are denied as stated. The referenced images depict decking, hardscaping, landscaping and outdoor living structures designed and constructed by DiSabatino for DiSabatino clients, where Plaintiff was invited by DiSabatino to perform pool work. Further, all such images were professionally staged and purchased by DiSabatino.

56. Admitted that DiSabatino maintains a Houzz account but the remaining allegations are denied as stated. The referenced images depict decking, hardscaping, landscaping and outdoor living structures designed and constructed by DiSabatino for DiSabatino clients, where Plaintiff was invited by DiSabatino to perform pool work. Further, all such images were professionally staged and purchased by DiSabatino.

57. Admitted that Plaintiff made a cease and desist demand to Defendants. The remaining allegations are denied on the basis that the referenced images depict decking, hardscaping, landscaping and outdoor living structures designed and constructed by DiSabatino for

DiSabatino clients, where Plaintiff was invited by DiSabatino to perform pool work. Further, all such images were professionally staged and purchased by DiSabatino.

58. Denied as stated; such projects were DiSabatino projects for DiSabatino clients and the images at issue depict decking, hardscaping, landscaping and outdoor living structures designed and constructed by DiSabatino for DiSabatino clients, where Plaintiff was invited by DiSabatino to perform pool work. Further, all such images were professionally staged and purchased by DiSabatino.

## COUNT I – FALSE DESIGNATION OF ORIGIN

59. Defendants incorporate their responses to paragraphs 1 through 58 as if set forth fully herein.

60. Denied as stated.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT II – DELAWARE DECEPTIVE TRADE PRACTICES

66. Defendants incorporate their responses to paragraphs 1 through 65 as if set forth fully herein.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

7

72. Denied.

73. Denied.

74. Denied.

The relief set forth in Plaintiff's WHEREFORE clause is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims for relief are barred by the "Fair Use Doctrine."

### Third Affirmative Defense

Plaintiff's claims for relief are barred as the claims lack materiality, fail to establish likelihood of confusion, and/or actual deception.

### Fourth Affirmative Defense

Defendant's conduct was innocent, non-infringing, and not a willful infringement of copyright.

### Fifth Affirmative Defense

Plaintiff's claims for relief are barred as Defendants' alleged acts do not pose an infringement of a valid copyright.

### Sixth Affirmative Defense

Plaintiff's claims for relief are barred by invalidity of copyright.

### Seventh Affirmative Defense

Plaintiff's claims for relief are barred as the photographs are an independent creation of the Defendants.

### Eight Affirmative Defense

Plaintiff's claims for relief are barred as any alleged infringement by the Defendants qualifies as De Minimis Use.

### Ninth Affirmative Defense

Plaintiff's claims are barred by waiver.

### Tenth Affirmative Defense

Plaintiff's claims for relief are barred as Defendants are not the owner of one or more copyrights at issue.

### Eleventh Affirmative Defense

Plaintiff's claims for relief are barred by the Unclean Hands Doctrine.

### Twelfth Affirmative Defense

Plaintiff's claims for relief are barred as Plaintiff took part in unfair competition.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred as Plaintiff's actions are a violation of the covenant of good faith and fair dealing.

### Fourteenth Affirmative Defense

Plaintiff's claims for relief are barred by the Doctrine of Laches.

### Fifteenth Affirmative Defense

Plaintiff's claims for relief are barred by Acquiescence.

### Sixteenth Affirmative Defense

Plaintiff's claims for relief are barred by the doctrine of equitable estoppel.

### Seventeenth Affirmative Defense

Defendants' use of the photographs in question qualifies as comparative advertising.

### Eighteenth Affirmative Defense

Defendants have failed to join indispensable parties.

### Nineteenth Affirmative Defense

Plaintiff lacks standing.

### Twentieth Affirmative Defense

Defendants reserve the right to identify additional affirmative defenses as a result of, and following, discovery

## DEFENDANTS' COUNTERCLAIM

1. Defendants incorporates by reference all preceding paragraphs of their Answer as though fully set forth herein.

2. Defendant DiSabatino is the lawful owner of the photographs at issue in Plaintiff's Complaint. The photographs were created at DiSabatino's sole expense and under its supervision for the specific purpose of use in connection with DiSabatino business operations and marketing.

3. Plaintiff has reproduced, enlarged, and publicly displayed DiSabatino's photographs in its office and on its website as marketing materials prominently featuring DiSabatino's work product. Plaintiff has done so without authorization or attribution from the DiSabatino and in a manner falsely suggesting that Plaintiff created, sponsored, or owns the depicted work.

4. Although some photographs contain limited elements of Plaintiff's work, the majority highlight the substantial design and construction contributions of DiSabatino. These images were professionally staged and purchased by DiSabatino, not by Plaintiff. Nevertheless, Plaintiff continues to use these images for commercial gain and self-promotion.

5. Plaintiff's unauthorized use of DiSabatino photographs and the work product depicted therein constitutes use in commerce of a false designation of origin and a false or misleading representation of fact, likely to cause confusion or deception as to the affiliation, connection, or association between Plaintiff and DiSabatino, or as to the origin of Plaintiff's goods and services, in violation of 15 U.S.C. § 1125(a)(1)(A).

6. Plaintiff's conduct further misrepresents the nature, characteristics, qualities, and origin of its goods and services by implying that Plaintiff created or owns the work product shown in the photographs, in violation of 15 U.S.C. § 1125(a)(1)(B).

7.  As a direct and proximate result of Plaintiff's actions, DiSabatino has suffered and will continue to suffer commercial injury, including harm to reputation, loss of business opportunities, and unjust enrichment to Plaintiff.

8.  Plaintiff's actions were willful, deliberate, and in bad faith, undertaken to misappropriate the goodwill and reputation associated with DiSabatino's work.

WHEREFORE Defendants DiSabatino Landscaping & Tree Service, Inc. and Pronto Pools and Pergolas LLC demand judgement in their favor and against Clark's Glasgow Pools, Inc. in an amount to be determined, plus interest, the cost of this action, and any other relief as this court deems just.

BROCKSTEDT MANDALAS
FEDERICO LLC

*/s/ Victoria K. Petrone*_____
Victoria K. Petrone, Esq. (#4210)
2711 Centerville Road, Suite 401
Wilmington, DE 19808
vpetrone@lawbmf.com
Telephone: (302) 327-1100
Fax: (302) 327-1101
*Attorney for Defendants*

Dated: October 16, 2025

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 16, 2025 a true and correct copy of the attached document was electronically filed with the Clerk of Court using CM/ECF and delivered to all attorneys of record.

>BROCKSTEDT MANDALAS
>FEDERICO LLC
>
>*/s/ Victoria K. Petrone*
>Victoria K. Petrone (# 4210)
>2711 Centerville Road, Suite 401
>Wilmington, DE 19808
>vpetrone@lawbmf.com
>(302) 327-1100
>*Attorney for Defendants*