**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLARK'S GLASGOW POOLS, INC., | |
| Plaintiff, | |
| v. | C.A. No. 25-1066-JLH |
| DISABATINO LANDSCAPING & TREE SERVICE, INC. and PRONTO POOLS AND PERGOLAS LLC, | |
| Defendants. | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

**SMITH KATZENSTEIN & JENKINS LLP**

Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
dat@skjlaw.com

*Attorney for Plaintiff*
*Clark's Glasgow Pools, Inc.*

Dated: November 6, 2025

**TABLE OF CONTENTS**

TABLE OF CITATIONS ..............................................................................................................ii

I.      NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II.     SUMMARY OF ARGUMENT ......................................................................................... 1

III.    STATEMENT OF FACTS ................................................................................................ 2

        A.      The Complaint ...................................................................................................... 2

        B.      The Answer and Counterclaim ............................................................................. 3

IV.     ARGUMENT ..................................................................................................................... 4

        A.      Legal Standard ...................................................................................................... 4

        B.      Pronto's Counterclaim Should Be Dismissed ....................................................... 5

        C.      Defendants' Counterclaim Does Not State Claims For Relief .............................. 6

                1.      The Counterclaim Does Not Adequately Plead Copyright Infringement ... 6

                2.      The False Designation and False Advertising Counterclaims Are
                        Conclusory, Lack Specificity, And Are Directly Contradicted By Facts
                        Pleaded ........................................................................................................ 7

                3.      Unjust Enrichment And Willfulness Are Conclusory Allegations ............ 10

V.      CONCLUSION ................................................................................................................ 11

## TABLE OF CITATIONS

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................ 4, 5, 8

*Fleer Corp. v. Topps Chewing Gum, Inc.*,
539 A.2d 1060 (Del. 1988) ...................................................................................... 10

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
586 U.S. 296 (2019)..................................................................................................... 7

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)........................................................................................ 5

*Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*,
774 F.3d 192 (3d Cir. 2014)........................................................................................ 8

*Phillips v. Cnty. of Allegheny*,
515 F.3d 224 (3d Cir. 2008)........................................................................................ 4

**Statutes**

15 U.S.C. § 1117(a) ................................................................................................ 10

15 U.S.C. § 1125(a) (Lanham Act, Section 43(a)) ................................................... 7

15 U.S.C. § 1125(a)(1)(A) (false designation of origin)........................................... 6

15 U.S.C. § 1125(a)(1)(B) (false advertising) ......................................................... 6

17 U.S.C. § 102(a) ................................................................................................... 6

17 U.S.C. § 411(a) .............................................................................................. 1, 7

I.      NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Clark's Pools ("Clark's Pools" or "Plaintiff") filed this lawsuit on August 25, 2025 alleging that Defendants DiSabatino Landscaping & Tree Service, Inc. ("DiSabatino") and Pronto Pools and Pergolas LLC ("Pronto") (collectively, "Defendants") have used and continue to use images of pools built by Clark's to advertise and promote Pronto's competing pool-construction services. (D.I. 1) The Complaint alleges causes of action for unfair competition under the Lanham Act and deceptive trade practices under Delaware law. (*Id.*) On October 16, 2025, Defendants answered the complaint and counterclaimed for use of photographs "without authorization or attribution," false advertising, and unjust enrichment. (D.I. 11)

II.     SUMMARY OF ARGUMENT

1.      Pronto's counterclaim should be dismissed for failure to state a claim, because the counterclaim does not plead any facts related to Pronto. To the extent that the counterclaim pleads any cognizable legal right, it does not plead any rights specific to Pronto. Therefore, Pronto's counterclaim should be dismissed.

2.      The counterclaim does not state a claim for relief for use of photographs "without authorization." (D.I. 11 at 10, ¶¶ 2–4) Defendants allege that "DiSabatino is the lawful owner of the photographs at issue in Plaintiff's Complaint[,]" (*id.* at 10, ¶ 2), but other than referencing "DiSabatino's photographs" the counterclaim does not allege that Plaintiff has used any specific images protected by a registered copyright, *see* 17 U.S.C. § 411(a) (requiring preregistration or registration of a copyright claim before initiating a civil action for copyright infringement).

3.      The Lanham Act counterclaims for false designation and false advertising are conclusory and lack clear, factual allegations. (D.I. 11 at 10, ¶¶ 2–7) Specifically, the allegation that Plaintiff "falsely suggest[s] that Plaintiff created, sponsored, or owns the depicted work" (*id.* at 10, ¶ 2) is conclusory and does not identify specific photographs, specific conduct by Plaintiff,

or how Defendants contend the conduct with respect to specific photographs is false designation or false advertising. (*Id.* at 10, ¶¶ 5–6) Moreover, the conclusory allegation of falsity is contradicted by the allegations in the Answer and Counterclaim that admit/allege that Plaintiff built the pools depicted in the photos at issue in the Complaint. (*E.g.*, D.I. 11 at 2, ¶¶ 9, 21) Since the Counterclaim does not detail any facts supporting its allegations of false designation and false advertising, those counterclaims should be dismissed.

4.      The unjust enrichment and willfulness counterclaims are threadbare assertions that lack specificity and do not state claims for relief.

## III.     STATEMENT OF FACTS

### A.     The Complaint

Clark's Pools specializes in designing and installing custom swimming pools. It has been in business since 1985. (D.I. 1 at ¶ 2)

Prior to 2023, Clark's Pools and DiSabatino had a symbiotic relationship. Clark's Pools designed, contracted, and built custom swimming pools and DiSabatino and others designed and constructed the surrounding landscaping and outdoor living spaces. Each company contracted separately with homeowners. (*Id.* at ¶ 8) As a result of the collaboration between the companies, the finished projects reflected the work of both companies: Clark's Pools for the contracting and installation of the custom swimming pool, and DiSabatino for the landscaping design; location, sizing, and shape of the pool; and other aspects of the areas surrounding the pool. (*Id.* at ¶ 9)

Pronto was formed in 2023 to provide pool "design build" services and is now affiliated with DiSabatino. (*Id.* at ¶¶ 10, 14) The Complaint alleges that both DiSabatino and Pronto use their respective websites, email, web advertising, Facebook promotions, and social media advertising to market pool design-build services. (*Id.* at ¶ 11) The Complaint details a series of photographs of projects where DiSabatino performed landscaping, masonry, hardscaping, and

2

other services and Clark's Pools contracted and built the pool. (*Id.* at ¶¶ 16–58) The Complaint alleges that both DiSabatino and Pronto are using these images to specifically market Pronto's pool design-build services. (*Id.*) For example, the Complaint alleges that DiSabatino's website includes a gallery of photos of pools, contracted and built by Clark's Pools, that DiSabatino attributes to "Pronto Pools Custom Pools." (*Id.* at ¶¶ 17–43) Similarly, the Pronto website features numerous images and a video of a pool project where Clark's Pools contracted and built the pool and DiSabatino performed landscaping, masonry, hardscaping and other services, but where Pronto had no part in the construction. (*Id.* at ¶¶ 44–50)

Clark's Pools and Pronto are direct competitors. The Complaint seeks relief under Section 43(a) of the Lanham Act and Delaware's Deceptive Trade Practice Act. (*Id.* at ¶¶ 59–74) Specifically, the Complaint seeks to prevent Defendants from continuing to use photos of pools built by Clark's Pools to market Pronto's pool design-build services. (*Id.* at ¶ F)

**B.      The Answer and Counterclaim**

The 8-paragraph Counterclaim incorporates Defendants' Answer. (D.I. 11 at 10, ¶ 1 ("Defendants incorporates by reference all preceding paragraphs of their Answer as though fully set forth herein."))

Defendants admit that the photos identified in the Complaint depict pools built by Plaintiff and surrounding construction designed and built by DiSabatino. (*id.* at 2, ¶ 21 ("Admitted only that images on DiSabatino's website include pools constructed by Plaintiff, surrounded entirely by decking, hardscaping, landscaping and outdoor structures designed and constructed by DiSabatino for DiSabatino clients, for which DiSabatino invited Plaintiff to perform pool work."))

The Answer and Counterclaim refers almost exclusively to "DiSabatino" and, other than naming "Pronto," only refers to Pronto twice. (*Id.* at 2, ¶ 16 (admitting that DiSabatino's website links to Pronto's website); *id.* at 11 (naming Pronto in the Counterclaim)) In fact, with respect to

the Complaint's allegations as to Pronto's website (D.I. 1 at 5, ¶¶ 44–50), the Answer admits that

Clark's Pools built the pool at 603 N. Walnut Street, images of which are featured prominently on

Pronto's website and in a video on that website, (D.I. 11 at 5, ¶¶ 45-50).

In the Answer and Counterclaim, DiSabatino claims ownership of the images referenced

in the Complaint. For example, with reference to the 603 N. Walnut Street pool, Defendants answer

"[t]his image depicts decking, hardscaping, landscaping and outdoor structures designed and

constructed by DiSabatino for a DiSabatino client, where Plaintiff was invited by DiSabatino to

perform pool work and the value of the work performed by DiSabatino far exceeded work

performed by Plaintiff. Further, such image was professionally staged and purchased by

DiSabatino." (*Id.* at 2–3, ¶ 23)

## IV.    ARGUMENT

The Counterclaim does not state a plausible claim for relief for two primary reasons. First,

the Counterclaim does not allege any facts related to Pronto and, thus, cannot form the basis for

any legal claim by Pronto. Second, the Counterclaim does not articulate any specific facts

necessary to support claims by Pronto or by DiSabatino. The conclusory recital of Section 43(a)

of the Lanham Act, specifically falsity, without any supporting facts, is insufficient to state a claim

and to put Plaintiff on notice of Defendants' counterclaims.

### A.    Legal Standard

A complaint must contain sufficient factual matter to state a claim that is plausible on its

face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555–57 (2007)). In reviewing a motion to dismiss, courts must "accept all factual allegations as

true, construe the complaint in the light most favorable to the plaintiff, and determine whether,

under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v.*

*Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation

4

omitted). However, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. In the Third Circuit, courts "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

### B.    Pronto's Counterclaim Should Be Dismissed

Pronto's Counterclaim should be dismissed, because the Counterclaim does not allege any facts related to Pronto. (D.I. 11 at 10–11, ¶¶ 1–8) To state a plausible claim for relief, the Counterclaim must plead sufficient facts. *Fowler*, 578 F.3d at 211.

Here, the Counterclaim alleges that "DiSabatino is the lawful owner of the photographs at issue in Plaintiff's Complaint" (D.I. 11 at 10, ¶ 2), "Plaintiff has reproduced, enlarged, and publicly displayed DiSabatino's photographs in its office and on its website as marketing materials prominently featuring DiSabatino's work product," (*id.* at ¶ 3), and "[a]lthough some photographs contain limited elements of Plaintiff's work, the majority highlight the substantial design and construction contributions of DiSabatino," (*id.* at ¶ 4). On the basis of this alleged "ownership," the Counterclaim alleges that this alleged "unauthorized use of DiSabatino photographs and the work product depicted therein" constitutes a violation of Section 43(a) of the Lanham Act, because it is "likely to cause confusion or deception as to the affiliation, connection, or association between Plaintiff and DiSabatino, or as to the origin of Plaintiff's goods and services," (*id.* at ¶ 5), or "by implying that Plaintiff created or owns the work product shown in the photographs." (*id.* at ¶ 6).

Even if all of these allegations state a claim for relief as to DiSabatino (they do not), none of the allegations state a claim for relief by Pronto. For example, unlike the allegations as to DiSabatino, the Counterclaim does not allege that Pronto owns any photographs; that Pronto is likely to be damaged by acts that are likely to cause confusion or mistake as between Pronto and

Clark's Pools, 15 U.S.C. § 1125(a)(1)(A); or that Pronto is likely to be damaged by acts that allegedly misrepresent the nature, characteristics, qualities, or geographic origin of Pronto's or Clark's Pools' goods, services, or commercial activities, *id.* § 1125(a)(1)(B). Therefore, the Counterclaim does not allege any facts specific to Pronto, and Pronto's claim for relief should be dismissed.

### C.      Defendants' Counterclaim Does Not State Claims For Relief

The Counterclaim makes three general averments: ownership of photographs allegedly subject to "unauthorized use" (D.I. 11 at 10, ¶¶ 2–4), false designation and false advertising under Section 43(a) of the Lanham Act (*id.* at 10–11, ¶¶ 5–7), and unjust enrichment and willfulness (*id.*, ¶¶ 7–8). The "ownership" counterclaims are deficient, because Defendants do not allege that they own a registered copyright to any of relevant works. The unfair competition counterclaims are conclusory and lack the specific facts necessary to put Plaintiff on notice. And the unfair competition and willfulness counterclaims are textbook "threadbare assertions" lacking supporting factual allegations.

### 1.      The Counterclaim Does Not Adequately Plead Copyright Infringement

To the extent that Defendants claim rights to various photographs identified in the Complaint, including either the right to use these specific photographs or to prevent others from using these specific photographs, the Counterclaim does not state a claim for relief for "unauthorized" use of the unidentified photographs discussed in the Counterclaim. This is properly the subject of copyright law. 17 U.S.C. § 102(a) ("Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.").

First, as a factual matter, the Counterclaim lacks specificity. It alleges that DiSabatino (but not Pronto) "is the lawful owner of **the photographs at issue** in Plaintiff's Complaint." (D.I. 11 at 10, ¶ 2 (emphasis added)) The Counterclaim then refers to "[t]he photographs" (*id.*) and alleges that "Plaintiff has reproduced, enlarged, and publicly displayed **DiSabatino's photographs**," (*id.*, ¶ 3 (emphasis added)). It is wholly unclear from the Counterclaim *which* photographs Defendants contend they "own," *which* photographs they contend Plaintiff is using, and *which* photographs form the basis for their various counterclaims. These allegations simply do not place Plaintiff on notice.

Second, even if the Counterclaim were to identify specific works, it still fails to state a claim for relief, because none of the works are the subject of a registered copyright. 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). Registration is "not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 309 (2019). Here, the Counterclaim does not identify any specific work registered as required under the statute. For these reasons, Defendants' vague claims to "ownership" of photographs does not state a claim for relief.

> **2.    The False Designation and False Advertising Counterclaims Are Conclusory, Lack Specificity, And Are Directly Contradicted By Facts Pleaded**

Defendants' false designation and false advertising counterclaims should be dismissed, because they are conclusory recitations of the statutory language of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). Paragraphs 2–7 of the Counterclaim also lack specific factual allegations of conduct by Plaintiff. Moreover, the Counterclaim alleges that Plaintiff constructed

the pools depicted in the Complaint, which directly contradicts Defendants' conclusory allegations of falsity.

First, the Counterclaim pleads falsity as a legal conclusion and does not plead any supporting facts. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Here, the Counterclaim alleges that "Plaintiff has reproduced, enlarged, and publicly displayed DiSabatino's photographs in its office and on its website as marketing materials prominently featuring DiSabatino's work product. . . . **in a manner falsely suggesting** that Plaintiff created, sponsored, or owns the depicted work." (D.I. 11 at 10, ¶ 3 (emphasis added)) Falsity is a core element of the counterclaims for false designation of origin and false advertising. 15 U.S.C. § 1125(a); *see, e.g.*, *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3d Cir. 2014) (identifying false or misleading statements as an element of a false advertising claim). This allegation is conclusory, because it uses the element of the claim—falsity—to describe the alleged conduct without making any specific allegations such as those explaining *which* photographs Plaintiff has allegedly displayed and *how* this alleged display "suggests" false designation or false advertising. On this basis alone, the Counterclaim fails to plead a central element of the counterclaims for false designation and false advertising, both of which should be dismissed.

Second, the factual allegations in the Counterclaim directly contradict this conclusory allegation of falsity. The Counterclaim incorporates the Answer by reference. (D.I. 11 at 10, ¶ 1) The Counterclaim also alleges that "the photographs at issue in [the] Complaint" (*id.* at 10, ¶ 2) depict pools constructed by Clark's Pools, (*e.g.*, *id.* at 5, ¶¶ 45–50 (admitting that Plaintiff built

8

the 603 N. Walnut St. pool featured on Pronto's website); *id.* at 2, ¶ 21 (admitting "that images on DiSabatino's website include pools constructed by Plaintiff, surrounded entirely by decking, hardscaping, landscaping and outdoor structures designed and constructed by DiSabatino")).

Although it is unclear exactly which photographs the Counterclaim alleges Plaintiff displays, to the extent the Counterclaim bases its false designation and false advertising counterclaims on "the photographs at issue" in the Complaint, the Counterclaim also alleges that those images depict pools constructed by Clark's Pools. Therefore, the mere display of any of "the photographs at issue" in the Complaint by Clark's Pools is not inherently false or misleading, because Clark's Pools built the pools in the photographs. This fact alleged in the Counterclaim accurately designates Clark's Pools as the origin of the pools depicted in the "photographs at issue" in the Complaint. Since the facts alleged in the Counterclaim directly contradict the conclusory allegation of falsity—that is that Plaintiff cannot "falsely suggest[] that Plaintiff created" a pool that Plaintiff, in fact, built. On this alternate basis, the false designation and false advertising counterclaims should be dismissed.

Third, the lack of specificity in the pleading is underlined by vague references to "DiSabatino's work product" and "depicted work." (D.I. 11 at 10, ¶¶ 3, 5, 6) The Counterclaim alleges that "Plaintiff's conduct . . . impl[ies] that Plaintiff created or owns the work product shown in the photographs." (*Id.* at 10, ¶ 6) and that Plaintiff somehow "suggest[s] that Plaintiff created, sponsored, or owns the depicted work." (*Id.* at 10, ¶ 3) However, the Counterclaim does not explain how, where, or when Plaintiff makes (or has made) these alleged "suggestions" or "implications." In addition, it is unclear what Defendants means by "work product" and "depicted work," which could refer to any number of rights including, but not limited to, the copyright in the photographic image, any rights or intellectual property to the pool and surrounding areas shown in the

9

photographic image, or any other rights. The Counterclaim is ambiguous and nonspecific. As a result, the Counterclaim fails to plausibly state a claim for relief under the Lanham Act. On this additional basis, the false designation and false advertising counterclaims should be dismissed.

### 3.    Unjust Enrichment And Willfulness Are Conclusory Allegations

The unjust enrichment and willfulness counterclaims are threadbare assertions that lack any supporting factual allegations. As such, these counterclaims should be dismissed.

The unjust enrichment counterclaim should be dismissed. The Counterclaim alleges: "[a]s a direct and proximate result of Plaintiff's actions, DiSabatino has suffered and will continue to suffer commercial injury, including harm to reputation, loss of business opportunities, and **unjust enrichment** to Plaintiff." (D.I. 11 at 11, ¶ 7 (emphasis added)) "Unjust enrichment is defined as the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del. 1988) (internal quotation marks and citation omitted). Here, the Counterclaim pleads no facts in support of unjust enrichment and should be dismissed.

Similarly, the Counterclaim's allegation of willfulness, "Plaintiff's actions were willful, deliberate, and in bad faith, undertaken to misappropriate the goodwill and reputation associated with DiSabatino's work" (D.I. 11 at 11, ¶ 8), is equally threadbare and conclusory and should also be dismissed. Under the Lanham Act, willfulness is not an available remedy for Section 43(a) claims. 15 U.S.C. § 1117(a) (stating that damages are only available for a "willful violation under section 1125(c) [Section 43(c)] of this title"). Since the Counterclaim does not allege a cause of action under Section 43(c), the willfulness counterclaim should be dismissed.

10

## V.    CONCLUSION

For the reasons stated above, Pronto's Counterclaim should be dismissed. Additionally, as to both Defendants, the counterclaims for copyright infringement, 17 U.S.C. § 501; false designation of origin, 15 U.S.C. § 1125(a)(1)(A); false advertising , 15 U.S.C. § 1125(a)(1)(B); unjust enrichment under Delaware law; and willfulness, 15 U.S.C. § 1117(a), fail to state a claim for relief and should be dismissed.

Dated: November 6, 2025                        Respectfully Submitted,

                                               **SMITH KATZENSTEIN & JENKINS LLP**

                                               */s/ Daniel A. Taylor*
                                               Daniel A. Taylor (No. 6934)
                                               1000 N. West Street, Suite 1501
                                               Wilmington, DE 19801
                                               (302) 652-8400
                                               dat@skjlaw.com

                                               *Attorney for Plaintiff*
                                               *Clark's Glasgow Pools, Inc.*