## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLARK'S GLASGOW POOLS, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>DISABATINO LANDSCAPING & TREE SERVICE, INC. and PRONTO POOLS AND PERGOLAS LLC,<br><br>        Defendants. | Case No. 25-cv-01066-JLH |

## DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

BROCKSTEDT MANDALAS
FEDERICO LLC

*/s/ Victoria K. Petrone*
Victoria K. Petrone, Esq. (# 4210)
2711 Centerville Road, Suite 401
Wilmington, DE 19808
vpetrone@lawbmf.com
Telephone: (302) 327-1100
Fax: (302) 327-1101
*Attorney for Defendants*

Dated: December 22, 2025

## TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................... i

TABLE OF CITATIONS ................................................................................................... iii

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ..................................... 1

SUMMARY OF ARGUMENT ............................................................................................ 1

STATEMENT OF FACTS .................................................................................................. 3

ARGUMENT ..................................................................................................................... 4

      I.      THE MOTION TO DISMISS STANDARD ............................................. 4

      II.     PLAINTIFF'S COPYRIGHT-BASED ARGUMENT FAILS AS A MATTER OF LAW ................................................................................. 4

      III.    THE COUNTERCLAIMS PLAUSIBLY STATE CLAIMS UNDER § 43(a) ......................................................................................... 5

      IV.    PRONTO IS PROPERLY INCLUDED AS A COUNTERCLAIMANT .. 6

      V.     UNJUST ENRICHMENT IS SUFFICIENTLY PLED ............................ 6

      VI.    WILLFULNESS IS PROPERLY ALLEGED ........................................... 7

      VII.   LEAVE TO AMEND ................................................................................. 7

CONCLUSION.................................................................................................................. 7

# TABLE OF CITATIONS

Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................... 4

*Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168 (3d Cir. 2005)....................................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................... 4

*Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060 (Del. 1988)........................... 7

*Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics,*
859 F. Supp. 1521 (S.D.N.Y. 1994)................................................................................ 5

*Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192 (3d Cir. 2014). ..................... 6

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). ............................ 6

*Motivation Innovations, LLC v. Express, Inc.*, 2012 WL 1415412 (D. Del.). ............................. 4

*Philip A. Templeton, M.D., P.A. v. EmCare, Inc.*, 868 F. Supp. 2d 333 (D. Del. 2012). ............... 4

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008)....................................... 4, 7

*Pinker v. Roche Holdings Ltd.*, 292 F.3d 361 (3d Cir. 2002) ....................................... 4

Other Authorities

15 U.S. Code § 1125 (Section 43) ........................................................................... 1, 5, 6

17 U.S.C. § 411(a). ........................................................................................................ 4

F.R.C.P.12............................................................................................................... 1, 4

**STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS**

Plaintiff Clark's Glasgow Pools, Inc. ("Clark's") initiated this action, claiming that Defendants used photographs of projects that included pools constructed by Clark's to market Defendant Pronto Pools and Pergolas LLC's ("Pronto") pool design-build services. Defendants, in turn, allege that Clark's reproduced, displayed, and used Defendant DiSabatino Landscaping & Tree Service, Inc.'s ("DiSabatino") photographs in its office and on its website as marketing materials without authorization or attribution. Defendants further allege that Clark's use of the photographs falsely suggests that Clark's created, sponsored, or owns the overall work depicted in the images, including elements designed and constructed by DiSabatino, and this use constitutes false designation of origin and false advertising under Section 43(a) of the Lanham Act and has caused commercial and reputational harm.

Clark's has moved to dismiss Defendants' Counterclaims under Rule 12(b)(6), arguing that the Counterclaims fail to plead copyright registration, fail to allege falsity with specificity, and fail to state claims on behalf of Pronto. This is Defendant's Answering Brief.

**SUMMARY OF ARGUMENT**

Plaintiff's Motion to Dismiss rests on a mischaracterization of Defendants' Counterclaims. Defendants do not assert copyright infringement or seek relief under the Copyright Act. They assert claims under Section 43(a) of the Lanham Act and Delaware law based on Plaintiff's commercial use of staged construction photographs in a manner that falsely implies authorship, sponsorship, or ownership of Defendants' work.

Plaintiff's copyright-registration arguments therefore fail as a matter of law. Copyright registration is not a prerequisite to Lanham Act claims, and Defendants allege ownership and

control of the photographs only as factual predicates supporting false designation and false advertising and not as standalone infringement claims.

The Counterclaims plausibly allege commercial advertising and promotion, false designation of origin, and false advertising. Defendants allege that Plaintiff used the photographs in marketing materials and online promotions in a way that conveys a misleading impression regarding the origin and authorship of integrated construction projects. Whether that imagery is misleading is a fact-intensive question that turns on context and consumer perception and is not suitable for resolution at the pleading stage.

Plaintiff's argument that the claims fail because Plaintiff built the pools shown in the photographs misunderstands the Counterclaims. The photographs depict integrated projects, not isolated components, and a statement or image may be literally true yet misleading in context. The Lanham Act prohibits such misleading commercial representations. The Counterclaims also plausibly allege unjust enrichment based on Plaintiff's commercial benefit from unauthorized use of Defendants' staged photography and work product. Detailed proof of enrichment or damages is not required at this stage.

Pronto is properly included as a counterclaimant. The Counterclaims incorporate allegations establishing the affiliation between Defendants and their participation in the same competitive market. Whether Pronto suffered cognizable injury presents a factual question inappropriate for dismissal.

Finally, allegations of willfulness are properly pled as a factual predicate supporting remedies, not as an independent cause of action.

Because the Counterclaims plausibly state claims for relief and Plaintiff's Motion seeks premature resolution of factual disputes, the Motion to Dismiss should be denied.

2

## STATEMENT OF FACTS

Clark's designs and constructs custom swimming pools.[1]  DiSabatino provides landscaping, hardscaping, masonry, and related outdoor construction services.[2] Prior to 2023, Clark's and DiSabatino frequently worked on the same residential projects pursuant to separate contracts with homeowners, with Clark's constructing pools and DiSabatino designing and constructing the surrounding outdoor environments.[3]

In connection with those projects, DiSabatino arranged for professional photography of completed works.[4] DiSabatino alleges that it staged, supervised, and paid for the photographs at issue for use in its business operations and marketing.[5]

The photographs depict completed outdoor projects that include landscaping, hardscaping, decking, and related features designed and constructed by DiSabatino, as well as pools constructed by Clark's. In 2023, Pronto was formed and became affiliated with DiSabatino.[6] Clark's and Pronto thereafter became competitors in the pool construction market. Clark's alleges that Defendant have used photographs of projects that included pools constructed by Clark's to market Pronto's pool design-build services, however, Defendants have since either removed the photographs from marketing materials or added attribution.[7] Defendants, in turn, allege that Clark's has used DiSabatino's photographs in Clark's office and on its website as marketing materials without authorization or attribution.[8]

---

[1] D.I. 1, Complaint, Para. 2.
[2] D.I. 11, Answer, Para. 21.
[3] Complaint, Para. 8.
[4] Answer, Paras. 23, 25, 31, 34, 37, 40, 43, 51, 53-58.
[5] *Id.*
[6] Complaint, Para. 10.
[7] Answer, Paras. 25, 26, 29, 34, 37, 38, 40, 41, 43, 45-50.
[8] Answer, Counterclaim Para. 3.

## ARGUMENT

### I.    MOTION TO DISMISS STANDARD

To survive a motion to dismiss under F.R.C.P. Rule 12(b)(6), a pleading need only contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[9]  Courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[10]

Importantly, courts may not dismiss claims simply because they appear unlikely to succeed.[11] On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegation are accepted as true and all inferences are drawn in favor of the non-moving party.[12] The Court is not to resolve disputed facts or analyze whether the claimant will prevail, but to determine whether there is a plausible claim for relief.[13]

### II.    PLAINTIFF'S COPYRIGHT-BASED ARGUMENT FAILS AS A MATTER OF LAW

Plaintiff argues the Counterclaims fail because Defendants did not allege copyright registration under 17 U.S.C. § 411(a). That argument fails because no copyright infringement claim is pled.

Ownership and control of the photographs are alleged as facts supporting false designation and false advertising—not as the basis for infringement liability. There is no requirement within

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[10] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008), citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002).
[11] *Twombly*, 550 U.S. at 556.
[12] *Philip A. Templeton, M.D., P.A. v. EmCare, Inc.*, 868 F. Supp. 2d 333, 338 (D. Del. 2012).
[13] *Motivation Innovations, LLC v. Express, Inc.*, 2012 WL 1415412, at *1 (D. Del.).

the Lanham Act for copyright registration. Plaintiff's reliance on copyright law is therefore misplaced and Plaintiff's copyright-based arguments therefore provide no basis for dismissal.

### III.    THE COUNTERCLAIMS PLAUSIBLY STATE CLAIMS UNDER § 43(a)

#### A. Commercial Advertising Is Adequately Alleged

Defendants have plausibly stated claims under the Lanham Act protections against confusion in commercial advertising and promotion.[14] Defendants allege Clark's displayed the photographs on Clark's website and in its office as marketing materials for commercial gain and promotion. Clark's own Complaint alleges widespread online and promotional use of the same photographs. These allegations satisfy the requirement that the challenged conduct constitute "commercial advertising or promotion."[15]

#### B. False Designation of Origin Is Plausibly Alleged

Defendants have also plausibly stated claims under the Section 43(a)(1)(A) prohibition of conduct likely to cause confusion as to origin, sponsorship, or affiliation. Defendants allege that Clark's use of Defendants' photographs falsely suggests that Clark's created, sponsored, or owns the depicted work. Clark's argues this is implausible because Clark's built the pools shown in the photographs, but this argument misunderstands the claim.

The photographs depict integrated construction projects, not pools in isolation. Whether Clark's advertising conveys a misleading impression regarding authorship or sponsorship of the overall project is a factual question. Even a literally true advertisement can be actionable if it

---

[14] See 15 U.S. Code § 1125,

[15] See *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1536 (S.D.N.Y. 1994)(holding that commercial advertising under Section 43(a) is commercial speech by a competitor for the purpose of influencing customers, any may be informal promotion and not a formal advertising campaign).

causes confusion.[16] At this stage, Defendants have plausibly alleged that Clark's use of the photographs creates a misleading impression as to origin and sponsorship and that is sufficient.

### C. False Advertising Is Plausibly Alleged

To plead false advertising under § 43(a)(1)(B), a claimant must allege that the defendant made false or misleading representations of fact in commercial advertising that are material and likely to deceive consumers.[17] Defendants allege that Clark's advertising misrepresents the nature and qualities of its services by implying ownership or authorship of Defendants' work.

Plaintiff's demand for identification of specific photographs and specific instances of confusion improperly seeks evidentiary detail not required at the pleading stage.

## IV.    PRONTO IS PROPERLY INCLUDED AS A COUNTERCLAIMANT

Clark's argues that Pronto's counterclaims should be dismissed because the Counterclaim references DiSabatino more frequently. This argument ignores the Counterclaim's incorporation of the Answer and the allegations establishing the affiliation between DiSabatino and Pronto and their joint participation in the relevant marketplace.

The Lanham Act confers standing on any party who plausibly alleges competitive or reputational injury.[18] At minimum, whether Pronto has suffered cognizable injury is a factual issue that cannot be resolved at the pleading stage.

## V.    UNJUST ENRICHMENT IS SUFFICIENTLY PLED

Defendants allege Plaintiff derived commercial benefit from unauthorized use of Defendants' staged photographs and work product. Delaware law requires only unjust retention

---

[16] *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3d Cir. 2014).
[17] *Id.*
[18] *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129–34 (2014).

of a benefit.[19] Defendants have adequately pled unjust enrichment and detailed proof is not required at the pleading stage.

### VI.    WILLFULNESS IS PROPERLY ALLEGED

Plaintiff's argument that willfulness must be dismissed mischaracterizes the Counterclaim. Willfulness is alleged as a factual predicate supporting enhanced remedies and equitable relief, not as an independent cause of action, and this is a permissible allegation at the pleading stage.[20]

### VIII.   LEAVE TO AMEND

If the Court determines that any aspect of the Counterclaims requires additional factual detail, Defendants respectfully request leave to amend.   Courts "must permit a curative amendment" where, as here, amendment would not be futile or inequitable.[21]

### CONCLUSION

Plaintiff's Motion to Dismiss seeks premature adjudication of fact-intensive issues central to Lanham Act and other liability. Defendants have plausibly alleged false designation, false advertising, unjust enrichment, and resulting commercial injury. The Motion should be denied in its entirety.

BROCKSTEDT MANDALAS
FEDERICO LLC

*/s/ Victoria K. Petrone*
Victoria K. Petrone, Esq. (# 4210)
2711 Centerville Road, Suite 401
Wilmington, DE 19808
vpetrone@lawbmf.com
Telephone: (302) 327-1100
Fax: (302) 327-1101
*Attorney for Defendants*

Dated: December 22, 2025

---

[19] *Fleer Corp. v. Topps Chewing Gum, Inc.,* 539 A.2d 1060, 1062 (Del. 1988).
[20] See *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 174–75 (3d Cir. 2005).
[21] *Phillips*, 515 F.3d at 236.