# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLARK'S GLASGOW POOLS, INC., | |
| Plaintiff, | |
| v. | C.A. No. 25-1066-JLH |
| DISABATINO LANDSCAPING & TREE SERVICE, INC. and PRONTO POOLS AND PERGOLAS LLC, | |
| Defendants. | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS (D.I. 13)**

SMITH KATZENSTEIN & JENKINS LLP

Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
dat@skjlaw.com

*Attorney for Plaintiff*
*Clark's Glasgow Pools, Inc.*

Dated: December 29, 2025

**TABLE OF CONTENTS**

TABLE OF CITATIONS .................................................................................................................. ii

I.    ARGUMENT ........................................................................................................................ 1

    A.    THE ALLEGED PHOTOGRAPH(S) PREDATE PRONTO'S FOUNDING, AND PRONTO CANNOT ARTICULATE INDIVIDUALIZED HARM ASSOCIATED WITH THEIR USE ....................................................................... 1

    B.    THE COUNTERCLAIM SHOULD BE DISMISSED ........................................... 2

        1.    COPYRIGHT INFRINGEMENT .............................................................. 2

        2.    UNFAIR COMPETITION .......................................................................... 4

        3.    UNJUST ENRICHMENT .......................................................................... 9

        4.    WILLFULNESS ........................................................................................ 9

    C.    AMENDMENT WOULD BE FUTILE .................................................................. 10

II.    CONCLUSION ................................................................................................................... 10

## TABLE OF CITATIONS

**Cases**

*Banjo Buddies, Inc. v. Renosky*,
399 F.3d 168 (3d Cir. 2005)......................................................................................... 10

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
586 U.S. 296 (2019)....................................................................................................... 3

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009).......................................................................................... 2

*Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*,
859 F. Supp. 1521 (S.D.N.Y. 1994)............................................................................... 8

*Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*,
774 F.3d 192 (3d Cir. 2014)...................................................................................... 7, 8

*Interpace Corp. v. Lapp, Inc.*,
721 F.2d 460 (3d Cir. 1983).......................................................................................... 6

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014)....................................................................................................... 1

*Peirson v. Clemens, Inc., Southridge Inc.*,
2005 WL 681309 (D. Del. Mar. 23, 2005) ................................................................... 9

**Statutes**

15 U.S.C. § 1125(a)(1)...................................................................................................... 5
15 U.S.C. § 1125(a)(1)(B) ................................................................................................ 7

I.  **ARGUMENT**

The case law cited in the answering brief supports dismissal of the Counterclaim. At a minimum, the Counterclaim fails to state claims for Section 43(a) relief and unjust enrichment under Delaware state law, and the copyright and willfulness allegations should be stricken.

   A.  **The Alleged Photograph(s) Predate Pronto's Founding, and Pronto Cannot Articulate Individualized Harm Associated With Their Use**

Pronto's counterclaims should be dismissed for failure to state a claim, for the additional reason that the cited *Lexmark* case makes clear that Pronto cannot claim a Section 43(a) injury on the same factual bases as DiSabatino. The answering brief argues that the Counterclaim "references DiSabatino more frequently [than Pronto]." (D.I. 17 at 6) In fact, the Counterclaim does not allege *any facts* related to Pronto or any *individualized harm* to Pronto. (D.I. 11 at 10–11, ¶¶ 1–8) The only time Pronto appears in the Counterclaim is in the *ad damnum* clause. (*Id.* at 11)

The answering brief seeks to correct this lack of pleading by arguing that the "allegations establishing **the affiliation between DiSabatino and Pronto**" are sufficient to create a claim for Lanham Act violations. (D.I. 17 at 6 (emphasis added)) The *Lexmark* case cited in the answering brief clearly contradicts this premise:

> We thus hold that a plaintiff suing under [15 U.S.C.] § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff. **That showing is generally not made when the deception produces injuries to a fellow commercial actor that in turn affect the plaintiff.**

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133–34 (2014) (emphasis added). Here, the Counterclaim alleges that "Plaintiff has reproduced, enlarged and displayed **DiSabatino's photographs**[,]" (D.I. 11 at 10, ¶ 3 (emphasis added)) which has allegedly harmed DiSabatino, (*id.* at 10–11, ¶¶ 5–8). Under *Lexmark*, Pronto cannot base its claim to harm on the

"affiliation between DiSabatino and Pronto." The photographs depicting the "integrated construction projects" of Clarks' Pools and DiSabatino predate Pronto's founding, did not involve Pronto in any way, and cannot harm it as a matter of unfair competition.

Finally, Defendants aver that "whether Pronto has suffered cognizable injury is a factual issue." (D.I. 17 at 6) Defendants must still allege facts "sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citation and internal quotation marks omitted). Defendants have not alleged any facts related to harm to Pronto based upon based upon photographs of "integrated construction projects" that predate Pronto's founding. On these bases, Pronto's counterclaim should be dismissed.

### B.     The Counterclaim Should Be Dismissed

The answering brief doubles down on the Counterclaim's copyright infringement allegations while arguing that Defendants are not alleging copyright infringement. Defendants' claims to ownership of photographs and "work product" exist under copyright law, and not under Section 43(a) and parallel state-law claims.

#### 1.     Copyright Infringement

Defendants assert claims and remedies that fall within the scope of copyright and should either be dismissed or stricken, because Defendants do not allege registered copyrights to "DiSabatino's photographs" or to "work product." "Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression, . . . from which they can be perceived, reproduced, or otherwise communicated." 17 U.S.C. § 102. Photographs are considered visual works. The owner of a copyright has the exclusive right to "reproduce the copyrighted work" and "to distribute copies of the copyrighted work to the public" *id.* § 106, as well as to prevent others from so doing, *id.* § 501. To raise a claim for copyright infringement, a party must plead

2

ownership of a registered copyright. *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 309 (2019).

Defendants argue that they have not asserted a copyright claim and that no copyright is required to assert their false advertising claims (D.I. 17 at 4–5), but the Counterclaim makes numerous misplaced allegations of copyright infringement, including vague references to the "work product" depicted in the photograph(s) at issue. For example, the Counterclaim alleges that "DiSabatino is the lawful owner of the photographs at issue in Plaintiff's Complaint," (D.I. 11 at 10, ¶ 2), and that "Plaintiff has reproduced, enlarged, and publicly displayed DiSabatino's photographs," (*id.* at ¶ 3). The Counterclaim also alleges Plaintiff has used "DiSabatino's photographs . . . without authorization from the DiSabatino and in a manner falsely suggesting that Plaintiff **created, sponsored, or owns the depicted work**." (D.I. 11 at 10, ¶ 3 (emphasis added)) Additionally, the Section 43(a) claims allege that "DiSabatino's photographs . . . prominently feature DiSabatino's **work product**" (*id.* (emphasis added)), and that Plaintiff is either using "**work product**" depicted in photographs, (*id.* at ¶ 5 (emphasis added)) or is (somehow) implying "that Plaintiff created or owns the **work product** shown in the photographs;"[1] (*id.* at ¶ 6 (emphasis added)). These allegations fail as a matter of law for three reasons.

First, to the extent that the "depicted work" represents the work of visual art contained in the alleged photograph(s) for which DiSabatino purports to be "the lawful owner," that is a claim for copyright infringement that must be based on a *registered* copyright. No copyright is alleged, therefore any counterclaim asserting rights to the photograph(s) should be dismissed. Second, to

---

[1] The answering brief repeatedly uses the word "authorship" to describe the allegations. (D.I. 17 at 1,2,5, 6) This is a term commonly associated with copyright. *E.g.*, 17 U.S.C. § 101 (emphasis added) (establishing copyright protection "in original works of **authorship** fixed in any tangible medium of expression[.]").

3

the extent the alleged photograph(s) depict "work product," the Counterclaim does not allege that this "work product" is the subject of a registered copyright, and as is argued in the opening brief (D.I. 14 at 6–7) cannot form a basis for a claim. Third, the Counterclaim alleges that the photograph(s) operate as a source-identifier for the depicted pool construction and landscaping services (D.I. 11 at 10, ¶ 5), but as a matter of law, Defendants cannot claim a copyright associated with the "creation, sponsorship, or ownership" of the depicted "work product" because no such implicit copyright to "work product" exists under Section 43(a). *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003) (holding that "origin of goods" refers to "the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods."); 17 U.S.C. § 202 ("Ownership of a copyright . . . is distinct from ownership of any material object in which the work is embodied."). For these reasons, the copyright claim should be dismissed or the allegations should be stricken.[2]

### 2. Unfair competition

The Counterclaim alleges that "Plaintiff has reproduced, enlarged, and publicly displayed DiSabatino's photographs in its office and on its website as marketing materials" (D.I. 11 at 10, ¶ 3), that these photographs depict the combined work of Plaintiff and DiSabatino (*id.* at ¶ 4), and that these acts are unfair competition under Section 43(a), (*id.* at ¶¶ 5–6). These claims lack merit as a matter of law.

---

[2] Defendants argue that they "allege ownership and control of the photographs only as factual predicates supporting" their Section 43(a) claims. (D.I. 17 at 1–2), This is nonsense. Defendants contend that "[t]here is no requirement within the Lanham Act for copyright registration" (*id.* at 5) but provide no case law supporting the premise that "ownership and control" of photographs are necessary elements that must be pleaded to establish a Section 43(a) claim.

### a)     False Designation of Origin

The answering brief argues that "[t]he photographs depict integrated construction projects, not pools in isolation" and that it is a "factual question" as to whether Plaintiff's alleged use of these photographs "conveys a misleading impression regarding authorship or sponsorship of the overall project." (D.I. 17 at 5) Because Clark's Pools *is the origin* of the pools depicted in the alleged photograph(s), Defendant's must plead facts supporting the "misleading impression" they allege. The Counterclaim does not plead any such facts and should be dismissed.

#### (1)     Pronto

The Counterclaim does not allege that Pronto has anything to do with the "integrated construction projects" depicted in the alleged photograph(s). These "integrated construction projects" predate the formation of Pronto. Therefore, there is no legal or factual dispute raised as to Pronto, and Pronto's false designation claim should be dismissed.

#### (2)     DiSabatino

DiSabatino's false designation claim fails because: (a) Clark's Pools is the "origin" of the pools depicted in the alleged photograph(s); (b) DiSabatino's design claim is not actionable; and (c) Clark's Pools and DiSabatino are not direct competitors.

First, the statute requires a "false designation of origin, false or misleading description of fact, or false or misleading representation of fact." 15 U.S.C. § 1125(a)(1). As it relates to Clark's Pools, which built the pool(s) shown in the photograph(s), Clark's Pools is the producer of the tangible good(s) depicted in the photograph(s), namely the pool(s). Therefore, under *Dastar*, Clark's Pools is the "origin" of the pool(s), *Dastar*, 539 U.S. at 37, and it is not false or misleading for Clark's Pools to use the alleged photograph(s) to market its pool construction services.

Second, DiSabatino's claim to authorship or design fails to state a Section 43(a) claim. The Counterclaim alleges that the alleged photograph(s) depict "the substantial design . . . contributions

5

of DiSabatino." (D.I. 11 at 10, ¶ 4) But under *Dastar*, there is no such claim for relief: "origin of goods" in the statute "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Dastar*, 539 U.S. at 37. Thus, to the extent that DiSabatino claims "authorship . . . of the overall project" (D.I. 17 at 5) depicted in the alleged photograph(s), it fails to state a Section 43(a) claim.

Finally, Clark's Pools and DiSabatino are not direct competitors. (D.I. 17 at 3 (citing D.I. 1 at ¶¶ 2,8 and D.I. 11 at ¶ 21) ("Clark's [Pools] designs and constructs custom swimming pools. DiSabatino provides landscaping, hardscaping, masonry, and related outdoor construction services.")). The Counterclaim contends that the alleged photograph(s) depict 'the substantial . . . construction contributions of DiSabatino." (D.I. 11 at 10, ¶ 4) Taken as true, DiSabatino is the "origin" of the depicted tangible goods: the landscaping, hardscaping, masonry, and related outdoor construction. But DiSabatino is not the "origin" of the pool(s) depicted. In view of the fact that Clark's Pools is the origin of the pools in the photograph(s) and in the absence of direct competition between Clark's Pools and DiSabatino, Defendants must plead facts supporting its allegations that Clark's Pools' use of the alleged photograph(s) to market pool construction services is a false or misleading description or representation of fact that is likely to cause confusion. *See, e.g.*, *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 462–63 (3d Cir. 1983) (outlining the "*Lapp* factors" used to establish a likelihood of confusion between non-competing products). The Counterclaim contains no more than a conclusory recitation of the language of the statute with no supporting facts alleged. For these reasons, the false designation claims should be dismissed.

**b)  False Advertising**

Defendants' false advertising counterclaim alleges that "Plaintiff's conduct further misrepresents the nature, characteristics, qualities, and origin of its goods and services by implying

6

that Plaintiff created or owns the work product shown in the photographs." (D.I. 11 at 10, ¶ 6) To plead claims of false advertising, 15 U.S.C. § 1125(a)(1)(B), Defendants must sufficiently allege:

> 1) that the defendant has made false or misleading statements as to his own product [or another's]; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3d Cir. 2014) (citation omitted). For the reasons discussed below, neither Pronto nor DiSabatino state claims for false advertising.

### (1)   Arguments common to both Defendants

As a preliminary matter, since it is undisputed that Clark's Pools built the pool(s) depicted in the alleged photograph(s), the mere use in advertising of images of these pool(s) to market Plaintiff's pool construction services is not inherently false. As to the first three factors, Defendants bear the burden to plead facts supporting falsity, deception or a tendency to deceive consumers, and materiality. Here, the Counterclaim makes no factual allegation supporting, falsity, deception or confusion, or materiality associated with this claim. (D.I. 11 at 10, ¶¶ 1–4, 6) For these reasons, the Counterclaim fails to plead the first three false advertising factors and should be dismissed.

The fourth factor is interstate commerce. The Counterclaim does not allege facts sufficient to support a plausible claim that the alleged goods traveled in interstate commerce. Finally, as discussed below, neither Pronto nor DiSabatino alleges facts supporting damages.

Additionally, the answering brief argues that the "allegations [in the Counterclaim] satisfy the requirement that the challenged conduct constitutes "commercial advertising or promotion." (D.I. 17 at 5 (citing *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1536 (S.D.N.Y. 1994))) However, the alleged display of "DiSabatino's photographs in

7

[Clark's Pools'] office" (D.I. 11 at 10, ¶ 3) cannot support a claim for false advertising under the Lanham Act for two reasons. First, the Counterclaim does not explain how the display of a photograph of a pool in a single office in Delaware constitutes a display in interstate commerce. *Groupe SEB USA, Inc.*, 774 F.3d at 198. Second, the Counterclaim does not allege that the in-office display of the photograph(s) was shown to a large enough group of people to constitute the statutory requirement of "commercial advertising and promotion." *See Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1536 (S.D.N.Y. 1994) ("[R]epresentations [] must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within [the] industry."). Since the photograph(s) allegedly on display in Clark's Pools' office was not displayed in "commercial advertising and promotion" as required by the statute, the false advertising claim should be dismissed as to these photograph(s).

### (2) Pronto

In addition to the first four factors discussed above, as with the other counterclaims, Pronto has not alleged the fifth factor—a likelihood of injury associated with Plaintiff's alleged use in marketing of one (or more) photograph(s) depicting construction projects completed by Clark's Pools and DiSabatino. Lacking clear factual allegations of falsity, deception, materiality, interstate commerce, and injury to Pronto, Pronto's false advertising claim should be dismissed.

### (3) DiSabatino

DiSabatino's false advertising claim against Clark's Pools fails for the additional reason that Clark's Pools and DiSabatino are not direct competitors, and thus any use of the alleged photograph(s) in advertising does not satisfy the "commercial advertising and promotion" requirement of the statute. *See Gordon & Breach*, 859 F. Supp. at 1536 (emphasis added) ("In order for representations to constitute 'commercial advertising or promotion' under Section 43(a)(1)(B), they must be (1) commercial speech; (2) **by a [Plaintiff] who is in commercial**

8

**competition with [Defendant]**; (3) for the purpose of influencing consumers to buy [Plaintiff]'s goods or services."). Here, Clark's Pools is not in commercial competition with DiSabatino—their businesses are admittedly complementary and not competitive. Thus, DiSabatino's false advertising counterclaim also fails, because as a matter of law, it does not allege that Clark's Pools has (with respect to DiSabatino) used the alleged photograph(s) "in commercial advertising or promotion."

With respect to damages, the claim should be dismissed, as DiSabatino does not allege any injury associated with the alleged implication that Clark's Pools "created or owns the work product shown in the photographs." (D.I. 11 at 10, ¶ 6)

### 3. Unjust Enrichment

The unjust enrichment claim should be dismissed. When a state-law claim is based upon the same elements as copyright infringement, the federal statute preempts state law claims. 17 U.S.C. § 301(a); *see also Peirson v. Clemens, Inc., Southridge Inc.*, 2005 WL 681309, at *2 (D. Del. Mar. 23, 2005) (finding an unjust enrichment claim under Pennsylvania law to be preempted by copyright law). The answering brief argues that "Defendants alleged Plaintiff derived commercial benefit from unauthorized use of Defendants' staged photographs and work product." (D.I. 17 at 6) Since this claim only alleges the elements of copyright infringement, the unjust enrichment claim is preempted and should be dismissed.

### 4. Willfulness

To the extent that the Court agrees with Defendants that willfulness is "not an independent cause of action," (D.I. 17 at 7 (citation omitted)) Plaintiff respectfully asks the Court to strike the willfulness allegations from the Counterclaim. The *Banjo Buddies* case cited by Defendants makes clear "that Congress intended to condition monetary awards for § 43(c) violations, but not § 43(a) violations, on a showing of willfulness." *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 174–75

9

(3d Cir. 2005). Defendants allege a Section 43(a) claim and cannot recover based on willfulness. Given that Defendants cannot recover, willfulness should be dismissed or stricken.

### C. Amendment Would Be Futile

Plaintiff served Defendants on August 26, 2025. Thereafter, Plaintiff granted Defendants two extensions of time to respond. The Answer and Counterclaim were filed on October 16, 2025. (D.I. 11). After Plaintiff moved to dismiss, Defendants requested a further extension of time to answer the motion. And yet, having been put on notice of the factual and legal deficiencies of the Counterclaim, Defendants did not amend the Counterclaim as a matter of course. Fed. R. Civ. P. 15(a)(1).

In this case, amendment would be futile. The alleged photograph(s) predate Pronto's formation. The photograph(s) allegedly in Plaintiff's office are not displayed in commercial advertising and promotion. And with respect to photograph(s) allegedly published on Plaintiff's website, Defendants are unable to articulate any false or misleading statements associated with the "integrated construction projects" depicted. Defendants have not registered the copyrights they seek to enforce, and for the reasons discussed above, they cannot resolve this failure by recasting their claims under the Lanham Act or state law.

## II. CONCLUSION

For the reasons above, the Counterclaim should be dismissed and, alternatively, the relevant portions of the Counterclaim should be stricken.

Dated: December 29, 2025

Respectfully Submitted,

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
dat@skjlaw.com

*Attorney for Plaintiff*
*Clark's Glasgow Pools, Inc.*