**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| |
|---|
| CLARK'S GLASGOW POOLS, INC., |
| Plaintiff, |
| v. |
| DISABATINO LANDSCAPING & TREE SERVICE, INC. and PRONTO POOLS AND PERGOLAS LLC, |
| Defendants. |

C.A. No. 25-1066-JLH

**[PROPOSED] SCHEDULING ORDER**

This ___ day of _____, 2026, the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.      Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Paragraph 3 of the Court's Default Standard by **June 11, 2026**.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI''), which is posted at https://www.ded.uscourts.gov/default-standard-discovery and is incorporated herein by reference.

2.      Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **September 15, 2026**. Such motions must follow the provisions of Paragraphs 7(g) and 8.

3.      Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court no later than **June 26, 2026**. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order]pursuant to this order shall promptly notify that party of the motion  so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      Papers and Proceedings Under Seal. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and

2

(2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.      Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6.      ADR Process. If the case does not involve patents or securities, the parties may request a referral to a Magistrate Judge for alternative dispute resolution.  See District of Delaware Standing Order No. 2022-2, dated March 14, 2022.

7.      Discovery. Unless otherwise ordered by the Court, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be strictly observed.

(a)     Discovery Cut Off.  All fact discovery in this case shall be initiated so that it will be completed on or before **February 17, 2027**.

(b)     Document Production. Document production shall be substantially complete by **October 28, 2026**.

(c)     Requests for Admission. A maximum of 25 requests for admission are permitted for each side.

(d)     Interrogatories.

i.      A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

3

ii.      The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e)      Depositions.

i.      Limitation on Hours for Deposition Discovery. Each side is limited to a total of 35 hours of taking testimony by deposition upon oral examination.

ii.      Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court.

(f)      Disclosure of Expert Testimony.

i.      Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **March 31, 2027**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **May 12, 2027**. Reply expert reports from the party with the initial burden of proof are due on or before **June 9, 2027**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their

4

experts' availability for deposition.  All expert discovery in this case shall be complete by **June 30, 2027**.

ii.      Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing will be presented pursuant to the Court's Local Rules.

(g)      Discovery Matters and Disputes Relating to Protective Orders.

i.      The following procedures will apply to discovery matters and protective order disputes unless and until such matters are referred to a Magistrate Judge (who may specify their own procedures). Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.      Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (i.e., the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes." The suggested text for this motion can be found in Judge Hall's section of the Court's website, in the "Forms" tab.

iii.      The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an

5

exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

iv.     Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one day of e-filing. All courtesy copies shall be double-sided.

v.      Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

8.      Motions to Amend / Motions to Strike.

(a)     Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g), above.

(b)     Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading. Any motion to strike shall attach the document sought to be stricken

9.      Case Dispositive Motions.

(a)     All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **August 3, 2027**.  Briefing will be

6

presented pursuant to the Court's Local Rules.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

(b)    Concise Statement of Facts Requirement.  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record.  Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried.  Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

10.    Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

7

11.     Amendments to the Scheduling Order. Any stipulation or other request to amend the scheduling order shall include a chart that lists each court-ordered event with a deadline/date (even if it is not being changed), the current deadline/date, and the new proposed deadline/date.

12.     Motions *in Limine.*  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon. Each *in limine* request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the side making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13.     Pretrial Conference.  On _____, 20__ the Court will hold a pretrial conference in Court with counsel beginning at _____. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) not later than seven days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The proposed final pretrial order shall contain a table of contents. The parties shall provide the Court two double-sided courtesy copies of the joint proposed final pretrial order and all attachments.

14.     Trial.  This matter is scheduled for a **three (3)-**day bench trial beginning at 9:30 a.m. on _____, 20__ **[January or February 2028, subject to the Court's availability]**, with the subsequent trial days beginning at 9:00 a.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

15.     Post-Trial Motions. Unless otherwise ordered by the Court, all *sides* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
The Honorable Jennifer L. Hall
United States District Judge

**Exhibit A: Deadlines**

| Event | Deadline |
|---|---|
| Rule 26(a)(l) Initial Disclosures and Delaware Paragraph 3 Disclosures (¶ 1) | June 11, 2026 |
| Application to the Court for Protective Order (¶ 3) | June 26, 2026 |
| Joinder of Other Parties and Amendment of Pleadings (¶ 2) | September 15, 2026 |
| Substantial Completion of Document Production (¶ 7(b)) | October 28, 2026 |
| Close of Fact Discovery (¶ 7(a)) | February 17, 2027 |
| Opening Expert Reports (¶ 7(f)i) | March 31, 2027 |
| Answering/Rebuttal Expert Reports (¶ 7(f)i) | May 12, 2027 |
| Reply Expert Reports (¶ 7(f)i) | June 9, 2027 |
| Close of Expert Discovery (¶ 7(f)i) | June 30, 2027 |
| *Daubert* Motions (¶ 7(f)ii) and Dispositive Motions (¶ 9(a)) | August 3, 2027 |
| Oppositions to *Daubert* Motions and Oppositions to Dispositive Motions | August 17, 2027 |
| Replies to *Daubert* Motions and Replies to Dispositive Motions | August 24, 2027 |
| Joint Pretrial Order (¶ 13) | 7 days prior to the Pretrial Conference |
| Pretrial Conference (¶ 13) | TBD |
| Trial (¶ 14) | Depending on the Court's availability |