**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLARK'S GLASGOW POOLS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DISABATINO LANDSCAPING & TREE SERVICE, INC. and PRONTO POOLS AND PERGOLAS LLC,<br><br>Defendants. | C.A. No. 25-1066-JLH |

# PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS DISABATINO LANDSCAPING & TREE SERVICE, INC.'S AMENDED COUNTERCLAIM

**SMITH KATZENSTEIN & JENKINS LLP**

Robert J. Katzenstein (No. 378)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
rjk@skjlaw.com
dat@skjlaw.com

*Attorneys for Plaintiff*
*Clark's Glasgow Pools, Inc.*

Dated: August 17, 2026

## TABLE OF CONTENTS

TABLE OF CITATIONS .......... iii

I. NATURE AND STAGE OF THE PROCEEDINGS .......... 1

II. SUMMARY OF ARGUMENT .......... 1

III. STATEMENT OF FACTS .......... 3

- A. The Complaint .......... 3
- B. The New Counterclaims .......... 4

IV. ARGUMENT .......... 4

- A. Legal Standard .......... 5
- B. The New Counterclaims Lack Specificity .......... 5
- C. The New Counterclaims Are Preempted by Federal Copyright Law .......... 6
- D. The New Counterclaims Do Not State a Claim for Conversion .......... 8
  - 1. Legal Standard .......... 8
  - 2. The New Counterclaims do not identify the allegedly converted property with specificity .......... 8
  - 3. The New Counterclaims do not identify any tangible property that has allegedly been converted .......... 9
  - 4. The New Counterclaims do not allege a demand for return of property .......... 10
- E. The New Counterclaims Do Not State a Claim for Unjust Enrichment .......... 10
  - 1. Legal standard .......... 10
  - 2. The New Counterclaims do not allege four of the five elements of unjust enrichment .......... 11

V. CONCLUSION .......... 12

## TABLE OF CITATIONS

### Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..... 5

*CIT Commc'ns Fin. Corp. v. Level 3 Commc'ns, LLC*,
2008 WL 2586694 (Del. Super. Ct. June 6, 2008) ..... 9

*Drug, Inc. v. Hunt*,
168 A. 87 (Del. 1933) ..... 8, 10

*ESG Capital Partners II, LP v. Passport Special Opportunities Master Fund, LP*,
2015 WL 9060982 (Del. Ch. Dec. 16, 2015) ..... 8

*Fleer Corp. v. Topps Chewing Gum, Inc.*,
539 A.2d 1060 (Del. 1988) ..... 10

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009) ..... 5

*Nemec v. Shrader*,
991 A.2d 1120 (Del. 2010) ..... 10

*Peirson v. Clemens, Inc., Southridge Inc.*,
2005 WL 681309 (D. Del. Mar. 23, 2005) ..... 7, 9, 12

*Phillips v. Cnty. of Allegheny*,
515 F.3d 224 (3d Cir. 2008) ..... 5

### Statutes

17 U.S.C. § 102(a) ..... 7

17 U.S.C. § 106(5) ..... 7, 11

17 U.S.C. § 301 ..... 2, 11

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Clark's Pools ("Clark's Pools" or "Plaintiff") filed this lawsuit on August 25, 2025 alleging that Defendants DiSabatino Landscaping & Tree Service, Inc. ("DiSabatino") and Pronto Pools and Pergolas LLC ("Pronto") (collectively, "Defendants") have used and continue to use images of pools built by Clark's to advertise and promote Pronto's competing pool-construction services. (D.I. 1) The Complaint alleges causes of action for unfair competition under the Lanham Act and deceptive trade practices under Delaware law. (*Id.*) On October 16, 2025, Defendants answered the complaint and counterclaimed for use of photographs "without authorization or attribution," false advertising and corresponding state-law claims. (D.I. 11)

On November 6, 2025, Plaintiff moved to dismiss the counterclaim for failure to state a claim for relief individually as to Pronto and under the Lanham Act as to both defendants. (D.I. 13) On July 17, 2026, the Court granted the motion, stating that "the counterclaim allegations are bare-bones and do not contain sufficient factual allegations to plausibly suggest that Plaintiff's display of those photographs violated the Lanham Act or state law" and that "the counterclaim does not allege any facts suggesting that Plaintiff violated any law with respect to Defendant Pronto." (D.I. 28) The Court granted Defendants "leave to amend to fix the deficiencies within 14 days."

On July 31, 2026, DiSabatino filed an Amended Counterclaim (the "New Counterclaims") dropping the Lanham Act and corresponding state law counterclaims and instead asserting two new counterclaims for conversion and unjust enrichment. (D.I. 29) Plaintiff moves to dismiss these meritless New Counterclaims.

## II. SUMMARY OF ARGUMENT

1. The New Counterclaims are barebones and conclusory. They broadly allege that Plaintiff "use[s] DiSabatino's photographs" but do not identify any specific photographs on

Plaintiff's website, in Plaintiff's office, or in Plaintiff's marketing materials that DiSabatino claims that it owns. A counterclaim alleging a violation of a property right must plead specific facts to state a claim for relief—this includes identifying the specific property in question. The New Counterclaims should be dismissed for lack of specific factual allegations.

2. DiSabatino's New Counterclaims for conversion and unjust enrichment are preempted by federal copyright law. The New Counterclaims allege that Plaintiff displays "DiSabatino's photographs in [its] office and on its website as marketing materials[,]" (D.I. 29, at ¶ 7), for "financial gain" (*id.*, at ¶ 9) and "financial benefit" (*id.*, at ¶ 13). Displaying works of visual arts (such as photographs) is within the exclusive domain of copyright law. 17 U.S.C. § 301. The New Counterclaims must be dismissed, because neither alleges the required additional elements necessary to support common law claims of conversion and unjust enrichment.

3. The New Counterclaims do not state a claim for conversion, because they do not identify any of DiSabatino's specific, tangible personal property that have been allegedly converted to Plaintiff's use. Moreover, there is no evidence in the New Counterclaims that DiSabatino demanded the return of this vaguely-identified tangible personal property and that Plaintiff refused to return it. The New Counterclaims do not allege all of the required elements of conversion, and the New Counterclaim should be dismissed.

4. The New Counterclaims do not state a claim for unjust enrichment, because they do not allege an impoverishment to DiSabatino, a relationship between an impoverishment and the alleged enrichment to Plaintiff, or an absence of a remedy at law. In fact, federal copyright law provides precisely the remedy DiSabatino seeks. The New Counterclaim for unjust enrichment should be dismissed for failure to plead all of the required elements.

## III. STATEMENT OF FACTS

### A. The Complaint

Clark's Pools specializes in designing and installing custom swimming pools. It has been in business since 1985. (D.I. 1 at ¶ 2)

Prior to 2023, Clark's Pools and DiSabatino had a symbiotic relationship. Clark's Pools designed, contracted, and built custom swimming pools and DiSabatino and others designed and constructed the surrounding landscaping and outdoor living spaces. Each company contracted separately with homeowners. (*Id.* at ¶ 8) As a result of the collaboration between the companies, the finished projects reflected the work of both companies: Clark's Pools for the contracting and installation of the custom swimming pool, and DiSabatino for the landscaping design; location, sizing, and shape of the pool; and other aspects of the areas surrounding the pool. (*Id.* at ¶ 9)

Pronto was formed in 2023 to provide pool "design build" services and is now affiliated with DiSabatino. (*Id.* at ¶¶ 10, 14) The Complaint alleges that both DiSabatino and Pronto use their respective websites, email, web advertising, Facebook promotions, and social media advertising to market pool design-build services. (*Id.* at ¶ 11) The Complaint details a series of photographs of projects where DiSabatino performed landscaping, masonry, hardscaping, and other services and Clark's Pools contracted and built the pool. (*Id.* at ¶¶ 16–58) The Complaint alleges that both DiSabatino and Pronto are using these images to specifically market Pronto's pool design-build services. (*Id.*) For example, the Complaint alleges that DiSabatino's website includes a gallery of photos of pools, contracted and built by Clark's Pools, that DiSabatino attributes to "Pronto Pools Custom Pools." (*Id.* at ¶¶ 17–43) Similarly, the Pronto website features numerous images and a video of a pool project where Clark's Pools contracted and built the pool and DiSabatino performed landscaping, masonry, hardscaping and other services, but where Pronto had no part in the construction. (*Id.* at ¶¶ 44–50)

Clark's Pools and Pronto are direct competitors. The Complaint seeks relief under Section 43(a) of the Lanham Act and Delaware's Deceptive Trade Practice Act. (*Id.* at ¶¶ 59–74) Specifically, the Complaint seeks to prevent Defendants from continuing to use photos of pools built by Clark's Pools to market Pronto's pool design-build services. (*Id.* at ¶ F)

### B. The New Counterclaims

The New Counterclaims allege that Plaintiff "designs and installs custom swimming pools." (D.I. 29, at ¶ 1) They also allege that DiSabatino "provides landscaping, hardscaping, masonry, and related outdoor construction services." (*Id.*, at ¶ 2)

DiSabatino alleges that it "invited" Plaintiff to work on various projects and that, afterwards, it hired a photographer to document these projects. (*Id.*, at ¶¶ 3–5) DiSabatino also alleges that Plaintiff "has and continues to use DiSabatino's photographs in [its] office and on its website as marketing materials," (*id.*, at ¶ 7) and that this use was for "financial gain" and "financial benefit," (*id.*, at ¶¶ 9, 13). Finally, DiSabatino alleges that its "interest in the photographs was viable at the time of [the alleged] conversion." (*Id.*, at ¶ 10)

## IV. ARGUMENT

The New Counterclaims do not state a plausible claim for relief for the following reasons. First, after requesting leave to amend "[i]f the Court determines that any aspect of the Counterclaims requires **additional factual detail**" (D.I. 17, at 7 (emphasis added)), the New Counterclaims abandon Defendants' original Lanham Act counterclaims and—in their place—introduce *wholly new* counterclaims for conversion and unjust enrichment, (D.I. 29). And yet, the New Counterclaims do not allege any "additional factual detail," instead relying on the same barebones assertions that Plaintiff is somehow "using" some unknown number of photographs that DiSabatino claims to "own." Second, the New Counterclaims for conversion and unjust enrichment are preempted by federal copyright law. Third, the New Counterclaim for conversion

does not identify any specific, tangible personal property of DiSabatino that Plaintiff has allegedly converted to its own use, to the exclusion of DiSabatino's use of that tangible personal property. Fourth, DiSabatino's New Counterclaim for unjust enrichment is threadbare and does not allege any facts supporting an "impoverishment" to DiSabatino associated with Plaintiff's alleged "use" of photographs, a relationship between an impoverishment to DiSabatino and an enrichment to Plaintiff, or an absence of a remedy at law. In fact, federal copyright law provides that remedy. For at least these reasons, the New Counterclaims should be dismissed.

### A. Legal Standard

A complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007)). In reviewing a motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). However, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. In the Third Circuit, courts "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

### B. The New Counterclaims Lack Specificity

Defendants requested leave to amend "[i]f the Court determines that any aspect of the Counterclaims requires additional factual detail[.]" (D.I. 17, at 7) The Court dismissed the Counterclaims and granted leave to amend. (D.I. 28) In the New Counterclaims, DiSabatino does not allege any "additional factual detail" beyond the same exact barebones facts previously

alleged in the previous Counterclaim. (*Compare* D.I. 29, at ¶ 7 (alleging that Plaintiff "has and continues to use DiSabatino's photographs in [its] office and on its website as marketing materials"), *with* D.I. 11, at 10, ¶ 3 ("Plaintiff has reproduced, enlarged, and publicly displayed DiSabatino's photographs in its office and on its website as marketing materials[.]")) As with the previous Counterclaim—even though the alleged photographs are publicly available and are allegedly distributed for marketing purposes on Plaintiff's website—the New Counterclaims **do not identify a single exemplary website photograph** that forms a basis for any of DiSabatino's claims. This lack of clear, factual allegations is fatal. The New Counterclaims should be dismissed.

### C. The New Counterclaims Are Preempted by Federal Copyright Law

In the previous motion to dismiss, Plaintiff raised the issue that Defendants had sought to assert a right to ownership of a work of visual art, which is properly the subject of copyright, but that Defendants had not alleged copyright infringement, which requires Defendants to assert a registered copyright. (D.I. 14, at 6–7; D.I. 18, at 2–4 & nn.1–2) Defendants had argued that "no copyright claim is pled." (D.I. 17, at 4) The Court did not address this question when it dismissed the Counterclaim. (D.I. 28)

DiSabatino again attempts to get around the fact that it has not registered a copyright to any of "DiSabatino's photographs" that are the subject of the New Counterclaims, instead choosing to assert its purported copyright through claims of conversion and unjust enrichment. Others have tried the same and have failed when their conversion and unjust enrichment claims parallel the cause of action for copyright infringement.

The New Counterclaims should be dismissed as preempted by federal copyright law. The common law claims for conversion and unjust enrichment do not require extra elements beyond one of the exclusive rights protected by copyright law, namely reproduction, distribution, and

display. "Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). Images, such as photographs, are protected under copyright law as works of visual art. "In the Third Circuit, the Copyright Act preempts a state law claim if the work at issue is the type protected by the copyright laws, and if the right claimed is equivalent to one of the exclusive rights protected by copyright law—reproduction, preparation of derivative works, distribution, and display." *Peirson v. Clemens, Inc., Southridge Inc.*, 2005 WL 681309, at *2 (D. Del. Mar. 23, 2005) (citing *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.,* 307 F.3d 197, 217 (3d Cir.2002)). Here, the New Counterclaims allege that Plaintiff has displayed photographs in its office and on its website. (D.I. 29, at ¶ 7) Display of a copyrighted work is within the scope of the rights afforded to a copyright owner. 17 U.S.C. § 106(5) (stating that "the owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (5) in the case of . . . pictorial, graphic, or sculptural works, . . . to display the copyrighted work publicly . . ."). The New Counterclaims allege that Plaintiff has displayed these works publicly, which is protected exclusively by copyright law.

Moreover, the New Counterclaims do not require extra elements. "A right claimed under state law is not equivalent to a right protected by the copyright laws only if it requires an extra element beyond one of the exclusive rights protected by copyright law." *Peirson*, 2005 WL 681309, at *2 (citation omitted). The New Counterclaims only allege that Plaintiff has benefitted from the alleged display of "DiSabatino's photographs" and nothing more. In contrast, in *Peirson*, the court found that the defendant's "retention of [plaintiff's] original architectural drawings constitute[d] the unlawful retention of a tangible item sufficient to satisfy a conversion

claim." *Id.*, at *3. Here, the New Counterclaims contain no similar facts. Absent additional factual allegations beyond this right, the New Counterclaims for conversion and unjust enrichment are preempted by federal copyright law and should be dismissed.

**D. The New Counterclaims Do Not State a Claim for Conversion**

In addition to the lack of specificity and preemption arguments raised above, the New Counterclaims do not plead the required elements of conversion. First, the New Counterclaims do not identify any specific property that DiSabatino alleges has been converted. Second, the New Counterclaims do not identify any tangible property that DiSabatino alleges has been converted. And third, the New Counterclaims do not allege that DiSabatino demanded that Plaintiff return this specific, tangible property and that Plaintiff refused.

**1. Legal Standard**

"Generally speaking, any distinct act of dominion wrongfully exerted over the property of another, in denial of his right, or inconsistent with it, is a conversion." *Drug, Inc. v. Hunt*, 168 A. 87, 93 (Del. 1933). "To state a claim for conversion, a party must allege that (i) it has a property interest in the allegedly converted property; (ii) it had a right to possession of the property; and (iii) the defendants wrongfully possessed or disposed of such property as if it were their own." *ESG Capital Partners II, LP v. Passport Special Opportunities Master Fund, LP*,2015 WL 9060982, at *15 (Del. Ch. Dec. 16, 2015) (citing *Israel Disc. Bank of N.Y. v. First State Depository Co.,* 2013 WL 2326875, at *19 (Del. Ch. May 29, 2013)).

**2. The New Counterclaims do not identify the allegedly converted property with specificity**

The New Counterclaims fail to state a claim for conversion, because they not specifically identify the allegedly converted property. To state a claim for conversion, the allegedly converted property must be identified with specificity. *CIT Commc'ns Fin. Corp. v. Level 3*

*Commc'ns, LLC*, 2008 WL 2586694, at *2 (Del. Super. Ct. June 6, 2008) (footnote citation omitted) ("[T]o recover under a theory of conversion, [a party] must prove, *inter alia,* precisely what property the defendant converted[.]"). Here, the New Counterclaims discusses some photographs that DiSabatino claims to "own." (D.I. 29, at ¶¶ 4–5) But the New Counterclaims broadly allege that Plaintiff "has and continues to use **DiSabatino's photographs** in [its] office and on its website as marketing materials." (*Id.*, at ¶7 (emphasis added)) The New Counterclaims do not define the term "DiSabatino's photographs," nor do they allege any facts that would put Plaintiff on notice of *which* photographs DiSabatino claims have been converted. Based upon this lack of specificity, the conversion counterclaim should be dismissed.

**3. The New Counterclaims do not identify any tangible property that has allegedly been converted**

The New Counterclaim for conversion should be dismissed for failing to identify any tangible property that has allegedly been converted. "The tort of conversion relates to interference with tangible rather than intangible property. Nothing in section 301 [of the Copyright Act] precludes the owner of the physical embodiment of a copyrighted work from enforcing a claim for conversion against a party who takes possession of the physical embodiment without permission." *Peirson*, 2005 WL 681309, at *3 (citation omitted). In the *Peirson* case, the court upheld the conversion claim as to physical drawings of a floor plan that were allegedly converted, because the claim related to physical copies of the drawings that the Plaintiff alleged to own. *Id.* By contrast, here the New Counterclaims only allege that Plaintiff has displayed "DiSabatino's photographs" but does not identify any tangible property that has allegedly been converted. Since the New Counterclaims do not identify any tangible property subject to conversion, the conversion allegations fail to state a claim for relief and should be dismissed.

#### 4. The New Counterclaims do not allege a demand for return of property

Finally, the New Counterclaim for conversion should be dismissed for failure to plead a demand and refusal to deliver. "A demand and a refusal to deliver are usually evidence of a conversion" *Drug, Inc.*, 168 A. at 94. Here, there is no evidence that DiSabatino demanded that Plaintiff return the allegedly-converted, tangible property. Absent such a demand, the New Counterclaims do not state a claim for conversion and should be dismissed.

The New Counterclaims fail to identify specific, tangible property that is the subject of the conversion claim. There is no evidence that DiSabatino ever identified this property to Plaintiff or demanded its return. Additionally, the conversion claim is preempted by federal copyright law. For at least these reasons, the conversion claim should be dismissed.

### E. The New Counterclaims Do Not State a Claim for Unjust Enrichment

The New Counterclaim for unjust enrichment should be dismissed for failure to plead an impoverishment to DiSabatino, a relationship between the enrichment and impoverishment, an absence of justification, or an absence of remedy provided by law.

#### 1. Legal standard

"Unjust enrichment is defined as the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del. 1988) (internal quotation marks and citation omitted). "The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law." *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010).

**2. The New Counterclaims do not allege four of the five elements of unjust enrichment**

Here, the New Counterclaims only allege one of the five elements of unjust enrichment—an enrichment. As with the conversion claim, the New Counterclaims plead no specific facts in support of unjust enrichment and should be dismissed. For example, the New Counterclaims lacks specificity as to which photos on Plaintiff's website, in Plaintiff's office, and in Plaintiff's marketing materials are the basis for the claimed unjust enrichment. But even if the New Counterclaims were to identify specific photographs (which is has not), at most, the New Counterclaims do not plead an impoverishment to DiSabatino. The New Counterclaims also do not plead the required relation of that impoverishment to the alleged enrichment, an absence of justification, or the absence of a remedy at law. As the New Counterclaims admit, Plaintiff and DiSabatino are not direct competitors, therefore the New Counterclaims cannot allege a "relationship" between an enrichment to Plaintiff and an impoverishment to DiSabatino, because a sale to Plaintiff for the construction of a pool does not mean that DiSabatino has lost any revenue associated with the complementary "landscaping, hardscaping, masonry, and related outdoor construction services." (D.I. 29, at ¶ 2) Nor do the New Counterclaims allege an absence of justification.

Moreover, the final element of an unjust enrichment claim, the absence of an adequate remedy at law, is neither pleaded nor not satisfied. It is well settled that federal copyright law, not Delaware common law, provides a remedy for alleged unauthorized display of a photograph. 17 U.S.C. § 106(5) ("[T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (5) in the case of . . . pictorial, graphic, or sculptural works, . . . to display the copyrighted work publicly . . ."); *id.* § 301 ("[A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by

section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, . . . are governed exclusively by this title."). In the *Peirson* case, the court was faced with similar allegations of unjust enrichment associated with material (floor plans to a house) that would otherwise be subject to copyright. The *Peirson* court concluded that "to the extent that Ms. Peirson asserts an exclusive right to use of her floor plans, the Court concludes that her claim for unjust enrichment is preempted." *Peirson*, 2005 WL 681309, at *2. The same principles apply here and warrant dismissal.

The New Counterclaims fail to plead four of the five required elements of unjust enrichment. This claim also lacks specificity and is preempted by federal law. For at least these reasons, the unjust enrichment claim should be dismissed.

## V. CONCLUSION

For the reasons stated above, DiSabatino's New Counterclaims for conversion and unjust enrichment are preempted by federal copyright law, fail to state a claim for relief, and should be dismissed.

Dated: August 17, 2026

Respectfully Submitted,

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Robert J. Katzenstein (No. 378)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
rjk@skjlaw.com
dat@skjlaw.com

*Attorneys for Plaintiff*
*Clark's Glasgow Pools, Inc.*