**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLARK'S GLASGOW POOLS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DISABATINO LANDSCAPING & TREE SERVICE, INC. and PRONTO POOLS AND PERGOLAS LLC,<br><br>Defendants. | Case No. 25-cv-01066-JLH |

**DEFENDANT DISABATINO LANDSCAPING AND TREE SERVICE, INC.'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTERCLAIM**

BROCKSTEDT MANDALAS
FEDERICO LLC

*/s/ Victoria K. Petrone*
Victoria K. Petrone, Esq. (# 4210)
2711 Centerville Road, Suite 401
Wilmington, DE 19808
vpetrone@lawbmf.com
Telephone: (302) 327-1100
Fax: (302) 327-1101
*Attorney for Defendants*

Dated: August 31, 2026

# TABLE OF CONTENTS

TABLE OF CITATIONS ..... ii

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ..... 1

SUMMARY OF ARGUMENT ..... 1

STATEMENT OF FACTS ..... 3

ARGUMENT ..... 4

I. MOTION TO DISMISS STANDARD ..... 4

II. THE AMENDED COUNTERCLAIM ADEQUATELY IDENTIFIES THE PHOTOGRAPHS AT ISSUE ..... 5

III. THE AMENDED COUNTERCLAIMS ARE NOT PRE-EMPTED BY FEDERAL COPYRIGHT LAW ..... 6

IV. DISABATINO ADEQUATELY PLEADS CONVERSION ..... 8

V. DISABATINO ADEQUATELY PLEADS UNJUST ENRICHMENT ..... 10

VI. CLARK'S OWN CLAIM UNDERSCORES WHY DISMISSAL AT THE PLEADING STATE IS UNWARRANTED ..... 12

CONCLUSION ..... 13

# TABLE OF CITATIONS

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 4, 5

*CIT Communications Finance Corp. v. Level 3 Communications, LLC*,
2008 WL 2586694 (Del. Super.) .......... 9

*CognetX, Inc. v. Haughton*,
2010 WL 3370761 (E.D. Pa.) .......... 7

*Drug, Inc. v. Hunt*,
168 A. 87 (Del. 1933) .......... 8, 9

*Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*,
307 F.3d 197 (3d Cir. 2002) .......... 2, 6, 7

*ESG Capital Partners II, LP v. Passport Special Opportunities Master Fund, LP*,
2015 WL 9060982 (Del. Ch. Dec. 16, 2015) .......... 8

*Facenda v. N.F.L. Films, Inc.*,
542 F.3d 1007 (3d Cir. 2008) .......... 6

*Fleer Corp. v. Topps Chewing Gum, Inc.*,
539 A.2d 1060 (Del. 1988) .......... 10

*Garfield on behalf of ODP Corp. v. Allen*,
277 A.3d 296 (Del. Ch. 2022) .......... 11

*Motivation Innovations, LLC v. Express, Inc.*,
2012 WL 1415412 (D. Del.) .......... 4

*Nemec v. Shrader*,
991 A.2d 1120 (Del. 2010) .......... 10

*Peirson v. Clemens, Inc.*,
2005 WL 681309 (D. Del.) .......... 7

*Philip A. Templeton, M.D., P.A. v. EmCare, Inc.*,
868 F. Supp. 2d 333 (D. Del. 2012). ........................................................................... 4

*Phillips v. Cnty. of Allegheny*,
515 F.3d 224 (3d Cir. 2008) ........................................................................................ 4

*Pinker v. Roche Holdings Ltd.*,
292 F.3d 361 (3d Cir. 2002) ........................................................................................ 4

*State ex rel. Jennings v. Monsanto Co.*,
299 A.3d 372 (Del. 2023) .......................................................................................... 12

*Triton Constr. Co. v. E. Shore Elec. Servs., Inc.*,
2009 WL 1387115 (Del. Ch.), *aff'd*, 988 A.2d 938 (Del. 2010). ............................................... 9

**Other Authorities**

17 U.S.C. §106 ...................................................................................................... 6, 7
17 U.S.C. §301 .......................................................................................................... 6
Fed. R. Civ. P. 8 ...................................................................................................... 5, 9
Fed. R. Civ. P. 12(b)(6) .............................................................................................. 4

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Plaintiff Clark's Glasgow Pools, Inc. ("Clark's") commenced this action alleging, among other things, that Defendants improperly use photographs depicting pools constructed by Clark's to advertise competing pool-construction services. Following dismissal of Defendants' original counterclaims with leave to amend, Defendant DiSabatino Landscaping & Tree Service, Inc. ("DiSabatino") filed an Amended Counterclaim asserting claims for conversion and unjust enrichment.

The Amended Counterclaim alleges that DiSabatino arranged for professional photography of projects on which DiSabatino performed extensive design, landscaping, hardscaping, and outdoor construction work and Clark's constructed the pools. DiSabatino staged, supervised, and paid for the photographs for use in its own business operations and marketing. Clark's nevertheless uses those photographs in its office and on its website for its own marketing without DiSabatino's consent, authorization, attribution, or payment.

Clark's again moves to dismiss. This is DiSabatino's Answering Brief in opposition of the Motion to Dismiss.

## SUMMARY OF ARGUMENT

Clark's Motion is based principally on an effort to characterize DiSabatino's claims as disguised copyright claims. However, the Amended Counterclaim does not just allege that Clark's copied or displayed an image that DiSabatino wishes to protect from reproduction, but also that DiSabatino incurred the expense of arranging, staging, supervising, and paying for professional photography of its completed projects and that Clark's appropriated those photographs for its own commercial marketing without permission or payment. DiSabatino seeks relief for Clark's exercise

of dominion over property that DiSabatino paid to create and Clark's retention of the resulting commercial benefit.

The Copyright Act does not automatically preempt every state-law claim involving copyrightable subject matter. Preemption depends upon whether the state-law right asserted is equivalent to the rights protected by the Copyright Act. Where the state claim requires an additional element that makes the cause of action qualitatively different, it is not preempted.[1] DiSabatino's property-based claims require proof beyond the mere reproduction or display of a photograph, including DiSabatino's property interest, Clark's wrongful exercise of dominion over that property, and, for unjust enrichment, Clark's receipt and unjust retention of a commercial benefit at DiSabatino's expense.

The Amended Counterclaim does not fail for lack of specificity either. It identifies the photographs as the professional photographs of completed projects that DiSabatino arranged, staged, supervised, and paid for and that Clark's presently uses in its office and on its website. Clark's assertion that it cannot determine what photographs DiSabatino means is particularly unpersuasive because Clark's own Complaint identifies numerous photographs from the parties' joint projects and places the parties' competing use of those photographs directly at issue.

DiSabatino also adequately pleads conversion. The Amended Complaint alleges DiSabatino's property interest in the photographs, its right to them, and Clark's wrongful use of that property for Clark's own commercial benefit in a manner inconsistent with DiSabatino's ownership. Clark's has not cited to any authority which absolutely requires a demand and refusal where the wrongful conduct itself denies the owner's rights.

---

[1] *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 216–18 (3d Cir. 2002).

Finally, DiSabatino adequately pleads unjust enrichment. Clark's receives the benefit of professional marketing materials that DiSabatino paid to create without paying DiSabatino for their use. DiSabatino incurred the expense, Clark's receives the resulting benefit, and Clark's allegedly does so without DiSabatino's authorization or any other justification. Those allegations are sufficient at the pleading stage.

## STATEMENT OF FACTS

Clark's designs and constructs custom swimming pools.[2] DiSabatino provides landscaping, hardscaping, masonry, and related outdoor construction services.[3] Prior to 2023, Clark's and DiSabatino frequently worked on the same residential projects pursuant to separate contracts with homeowners, with Clark's constructing pools and DiSabatino designing and constructing the surrounding outdoor environments.[4]

In connection with those projects, DiSabatino arranged for professional photography of completed works.[5] DiSabatino alleges that it staged, supervised, and paid for the photographs at issue for use in its business operations and marketing.[6]

The photographs depict completed outdoor projects that include landscaping, hardscaping, decking, and related features designed and constructed by DiSabatino, as well as pools constructed by Clark's. In 2023, Pronto was formed and became affiliated with DiSabatino.[7] Clark's and Pronto thereafter became competitors in the pool construction market. Clark's alleges that Defendant have used photographs of projects that included pools constructed by Clark's to market Pronto's pool design-build services, however, Defendants have since either removed the

---

[2] D.I. 1, Complaint, Para. 2.
[3] D.I. 11, Answer, Para. 21.
[4] Complaint, Para. 8.
[5] Answer, Paras. 23, 25, 31, 34, 37, 40, 43, 51, 53-58.
[6] *Id*.
[7] Complaint, Para. 10.

photographs from marketing materials or added attribution.[8] DiSabatino, in turn, alleges that Clark's has used DiSabatino's photographs in Clark's office and on its website as marketing materials without DiSabatino's consent or authorization, and without attribution or payment to DiSabatino.[9]

## ARGUMENT

### I. MOTION TO DISMISS STANDARD

To survive a motion to dismiss under F.R.C.P. Rule 12(b)(6), a pleading need only contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[10] Courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[11]

Importantly, courts may not dismiss claims simply because they appear unlikely to succeed.[12] On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegation are accepted as true and all inferences are drawn in favor of the non-moving party.[13] The Court is not to resolve disputed facts or analyze whether the claimant will prevail, but to determine whether there is a plausible claim for relief.[14] While Clark's repeatedly argues that there is "no evidence" supporting aspects of DiSabatino's claims, at this stage the standard is only whether DiSabatino has alleged

---

[8] Answer, Paras. 25, 26, 29, 34, 37, 38, 40, 41, 43, 45-50.
[9] D.I. 29, Amended Counterclaim, Para. 7.
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[11] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008), citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002).
[12] *Twombly*, 550 U.S. at 556.
[13] *Philip A. Templeton, M.D., P.A. v. EmCare, Inc.*, 868 F. Supp. 2d 333, 338 (D. Del. 2012).
[14] *Motivation Innovations, LLC v. Express, Inc.*, 2012 WL 1415412, at *1 (D. Del.).

sufficient facts to create a reasonable expectation that discovery will reveal evidence supporting the claim.[15] If so, the motion to dismiss should be denied.

## II. THE AMENDED COUNTERCLAIM ADEQUATELY IDENTIFIES THE PHOTOGRAPHS AT ISSUE

Clark's first argues that the Amended Counterclaim is insufficient because DiSabatino does not identify each photograph individually, but F.R.C.P. Rule 8 imposes no such requirement and Clark's does not cite any authority for its position.

The Amended Counterclaim identifies the relevant photographs by their origin, subject matter, ownership, and use. They are professional photographs of completed projects where DiSabatino performed extensive outdoor design and construction and Clark's performed pool work.[16] DiSabatino arranged the photography and staged, supervised, and paid for the photographs.[17] Clark's presently uses DiSabatino's photographs in its office and on its website as marketing materials.[18] These allegations provide Clark's fair notice of the property at issue.

Clark's own pleading further undermines its claim of uncertainty. As Clark's acknowledges in the instant brief, its Complaint identifies "a series of photographs" of projects where "DiSabatino performed landscaping, masonry, hardscaping, and other services and Clark's Pools contracted and built the pool."[19] Clark's cannot reasonably maintain an action centered on the parties' commercial use of photographs from their joint projects and simultaneously contend that it lacks notice of the photographs DiSabatino alleges Clark's is using.

The photographs at issue are adequately identified at this stage of the proceedings.

---

[15] *Twombly.*, 550 U.S. at 556.
[16] Amended Counterclaim, Paras. 3–5.
[17] *Id.*, Para. 4
[18] *Id.*, Para. 7
[19] D.I. 32. Motion to Dismiss Amended Counterclaim, at 3.

## III. THE AMENDED COUNTERCLAIMS ARE NOT PRE-EMPTED BY FEDERAL COPYRIGHT LAW

Clark's principal argument is that both claims are preempted by 17 U.S.C. §301 because photographs fall within the subject matter of copyright and public display is among the rights protected by 17 U.S.C. §106, however, that alone is not enough to warrant dismissal. Section 301 preempts a state-law claim only when the work falls within the subject matter of copyright and the right asserted under state law is equivalent to a right protected by §106.[20] A state-law right is not equivalent where the cause of action contains an additional element that makes the right asserted "qualitatively different" from mere reproduction, adaptation, performance, distribution, or display.[21]

The Third Circuit's decision in *Dun & Bradstreet* is instructive. There the Court rejected preemption of a misappropriation claim to the extent it required proof of a breach of a duty of trust or confidentiality, reasoning that the additional duty made the state-law right qualitatively different from copyright infringement.[22] The inquiry here must focus on the substance of the state-law right being enforced, not just on whether copyrightable material happens to be involved.

DiSabatino does not allege simply that Clark's reproduced a photograph and thereby violated an exclusive right of reproduction. DiSabatino alleges that it arranged, staged, supervised, and paid for the creation of professional photographs as commercial marketing assets, and that Clark's thereafter appropriated those assets for its own commercial use without DiSabatino's authorization or payment.[23] The conversion claim requires proof of DiSabatino's property interest

---

[20] *Dun & Bradstreet*, 307 F.3d at 216–17; *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1027 (3d Cir. 2008).
[21] *Dun & Bradstreet*, 307 F.3d at 217–18.
[22] *Id*. at 218.
[23] Amended Counterclaim, Paras. 4, 7, 9, 13.

and Clark's wrongful exercise of dominion inconsistent with that interest. The unjust enrichment claim requires proof that Clark's received and unjustly retained a benefit at DiSabatino's expense. Neither inquiry is resolved by determining whether Clark's "displayed" a photograph alone. Courts applying *Dun & Bradstreet* have recognized that conversion and unjust-enrichment claims are not necessarily preempted simply because copyrightable subject matter is involved.[24]

Clark's therefore cannot establish preemption by noting that a photograph is copyrightable and that §106 protects a right of display. The Court must consider the nature of the state-law rights DiSabatino actually seeks to enforce. Here, the claims asserted by DiSabatino are qualitatively different.

Clark's also cites to *Peirson v. Clemens, Inc.*,[25] but that decision demonstrates why the Court must analyze beyond whether a claim comes within the subject matter of copyright. In *Peirson*, the plaintiff asserted claims involving architectural drawings. The Court held that an unjust-enrichment claim based upon an asserted exclusive right to use the floor plans was preempted.[26] The Court reached the opposite result as to conversion because the defendant's retention of the plaintiff's original architectural drawings constituted "the unlawful retention of a tangible item sufficient to satisfy a conversion claim."[27] *Peirson* recognizes the distinction between asserting an exclusive right protected by copyright and asserting an independent property right in an item that happens to include copyrightable subject matter.

---

[24] See *CognetX, Inc. v. Haughton*, 2010 WL 3370761, at *5–6 (E.D. Pa.)(applying *Dun & Bradstreet* and concluding state-law claims, including conversion and unjust enrichment, were not equivalent).
[25] 2005 WL 681309 (D. Del.).
[26] *Id*. at *2.
[27] *Id*. at *3

DiSabatino's claim is based on the latter type of property interest. DiSabatino alleges that it arranged and paid for the photographs and that Clark's wrongfully uses DiSabatino's property for Clark's own financial gain in a manner inconsistent with DiSabatino's ownership.[28] This is sufficient at the pleading stage.

## IV. DISABATINO ADEQUATELY PLEADS CONVERSION

As cited by Clark's, under Delaware law conversion is "the act of dominion wrongfully exerted over the property of another, in denial of his right, or inconsistent with it."[29] As also cited by Clark's, a plaintiff states a conversion claim by alleging that it has a property interest in the property, a right to possess it, and that the defendant wrongfully possessed or disposed of the property as if it were its own.[30]

First, DiSabatino alleges its property interest in that DiSabatino arranged for professional photography of its projects and staged, supervised, and paid for the photographs.[31] DiSabatino alleges its continuing interest in that property[32] and wrongful dominion over that property by Clark's[33]. Clark's uses the photographs as its own commercial marketing materials without DiSabatino's permission and for Clark's own financial gain.[34] DiSabatino has adequately pled conversion.

Clark's argues that conversion cannot exist because DiSabatino does not allege that Clark's deprived DiSabatino of its own ability to use the photographs, but Delaware courts recognize that

---

[28] Amended Counterclaim, Paras. 4, 7, 9–11.
[29] *Drug, Inc. v. Hunt*, 168 A. 87, 93 (Del. 1933).
[30] *ESG Capital Partners II, LP v. Passport Special Opportunities Master Fund, LP*, 2015 WL 9060982, at *15 (Del. Ch. Dec. 16, 2015).
[31] Amended Complaint, Para. 4.
[32] *Id*. at Para. 10.
[33] *Id*. at Paras. 7, 9.
[34] *Id*.

any act of dominion inconsistent with the owner's right is a conversion.[35] DiSabatino expressly alleges that Clark's commercial appropriation is inconsistent with DiSabatino's ownership.[36]

Clark's also improperly suggests that there is a heightened pleading standard for conversion. Clark's asserts that that DiSabatino has not identified the photographs at issue with specificity but as argued above, DiSabatino has sufficiently done so. Clark's cites *CIT Communications Finance Corp. v. Level 3 Communications, LLC*[37] for the proposition that a party seeking to recover for conversion must "prove" what property was converted, but that is not the standard at the pleading stage. The *CIT Communications* Court specifically noted an argument that the plaintiff could not prove what was converted, but held that was an issue for trial.[38] F.R.C.P. Rule 8 does not require DiSabatino to attach or catalog every photograph to survive a motion to dismiss.

Clark's separately argues that the conversion claim fails because DiSabatino did not plead a demand that Clark's return the photographs, but demand and refusal are not absolute prerequisites under Delaware law. The Delaware Court of Chancery has explained that although a plaintiff ordinarily must demand return of property before bringing a conversion claim, "[t]his requirement is excused . . . when the alleged wrongful act amounts to a denial of the rights of the real owner."[39] Here, DiSabatino alleges that Clark's is presently appropriating DiSabatino's property for Clark's own commercial gain, without authorization or payment and inconsistently with DiSabatino's ownership.[40] Accepting that as true, that is conduct denying or inconsistent with

---

[35] *Drug, Inc.*, 168 A. at 93.
[36] Amended Counterclaim, Para. 9.
[37] 2008 WL 2586694 (Del. Super.)(denying summary judgment).
[38] *Id*. at *3.
[39] *Triton Constr. Co. v. E. Shore Elec. Servs., Inc.*, 2009 WL 1387115, at *24 (Del. Ch.), aff'd, 988 A.2d 938 (Del. 2010).
[40] Amended Counterclaim, Paras. 7, 9.

DiSabatino's ownership rights. Clark's therefore cannot obtain dismissal on the basis that the Amended Counterclaim does not separately allege a demand and refusal.

## V. DISABATINO ADEQUATELY PLEADS UNJUST ENRICHMENT

Clark's argues that DiSabatino pleads only one of the five elements of unjust enrichment but reading the pleading as a whole and drawing reasonable inferences in DiSabatino's favor, DiSabatino alleges each required component. Clark's correctly cites the elements of unjust enrichment under Delaware law, which are "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience."[41] And, that the traditional elements are: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law."[42]

As to enrichment, DiSabatino claimed that Clark's obtained and uses professional marketing photographs for its own financial benefit without paying for them.[43] The corresponding impoverishment likewise can reasonably be inferred from the pleaded facts. DiSabatino incurred the expense of arranging, staging, supervising, and paying for the professional photography.[44] Clark's receives the commercial benefit of the resulting marketing assets without incurring that expense or compensating DiSabatino.[45] The relationship between the two is direct: the same marketing asset DiSabatino paid to create is the asset Clark's allegedly appropriated for its own financial benefit.

---

[41] *Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del. 1988).
[42] *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010).
[43] Amended Complaint, Paras. 7, 13.
[44] *Id*. at Para. 4.
[45] *Id*. at Paras. 7, 13–14.

The absence of justification was also pled. Clark's use is alleged to be without DiSabatino's consent or authorization, attribution, or payment.[46] At the pleading stage, those facts plausibly support an inference that Clark's retention of the benefit lacks justification.

Clark's contends that there can be no impoverishment because Clark's and DiSabatino are not direct competitors, although Clark's acknowledges DiSabatino is affiliated with Pronto Pools.[47] In any event, DiSabatino's theory of impoverishment is not limited to a pool-construction sale diverted from DiSabatino to Clark's. DiSabatino paid to create a commercial marketing asset. Clark's allegedly obtained the benefit of that asset without bearing its cost, and that is the "relationship." Clark's cites no authority for a requirement that impoverishment take the form of a lost sale between direct competitors, and Delaware courts have found an "impoverishment" based solely on a benefit conferred upon the defendant.[48]

Clark's finally argues that DiSabatino cannot plead the absence of a legal remedy because federal copyright law supplies one, but again, DiSabatino does not assert a registered copyright or seek statutory copyright remedies. Clark's argues both that DiSabatino cannot pursue copyright infringement because it has no registered copyright and that the theoretical availability of copyright law defeats DiSabatino's equitable claim. The existence copyright law does not establish that DiSabatino has an adequate legal remedy for the distinct property-based injury alleged here. And the Delaware Supreme Court has held that "[t]he absence of an adequate remedy at law is required

---

[46] *Id*. at Para. 7.

[47] Complaint, Para. 10.

[48] *Garfield on behalf of ODP Corp. v. Allen*, 277 A.3d 296, 345 (Del. Ch. 2022)(holding that restitution for unjust enrichment "may be awarded based solely on the benefit conferred upon the defendant, even in the absence of an impoverishment suffered by the plaintiff"(citation omitted)).

only if an unjust enrichment claim is brought in the Court of Chancery and there is no other independent basis for equitable jurisdiction."[49]

At the pleading stage, Clark's has not identified an undisputed contract or other legal remedy that fully governs and remedies the alleged enrichment. Whether DiSabatino ultimately can recover under conversion, unjust enrichment, or another theory should be determined after development of the factual record.

## VI. CLARK'S OWN CLAIM UNDERSCORES WHY DISMISSAL AT THE PLEADING STATE IS UNWARRANTED

There is also an important practical context to the parties' dispute. Clark's commenced this litigation because Defendants allegedly use photographs depicting Clark's work for commercial marketing purposes. Clark's acknowledges that the same photographs depict projects on which DiSabatino performed landscaping, masonry, hardscaping, and other substantial work.

DiSabatino alleges something more concerning its counterclaims: DiSabatino arranged, staged, supervised, and paid for the professional photography itself. Yet Clark's contends that it may commercially use those photographs without authorization or payment and that no Delaware property or restitutionary remedy can exist as a matter of law.

The Court need not determine at this stage which party ultimately has the better claim concerning use of particular photographs. It need only determine whether, accepting DiSabatino's allegations as true, DiSabatino has plausibly alleged that Clark's wrongfully appropriated property DiSabatino paid to create and retained the resulting commercial benefit. It has.

---

[49] *State ex rel. Jennings v. Monsanto Co.*, 299 A.3d 372, 390–91 (Del. 2023)

## CONCLUSION

For the foregoing reasons, DiSabatino respectfully requests that the Court deny Plaintiff's Motion to Dismiss the Amended Counterclaim. Alternatively, if the Court concludes that either claim requires additional factual allegations, DiSabatino requests further leave to amend.

BROCKSTEDT MANDALAS
FEDERICO LLC

*/s/ Victoria K. Petrone*______________
Victoria K. Petrone, Esq. (# 4210)
2711 Centerville Road, Suite 401
Wilmington, DE 19808
vpetrone@lawbmf.com
Telephone: (302) 327-1100
Fax: (302) 327-1101
*Attorney for Defendants*

Dated: August 31, 2026