**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLARK'S GLASGOW POOLS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DISABATINO LANDSCAPING & TREE SERVICE, INC. and PRONTO POOLS AND PERGOLAS LLC,<br><br>Defendants. | C.A. No. 25-1066-JLH |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS DISABATINO LANDSCAPING & TREE SERVICE, INC.'S AMENDED COUNTERCLAIM (D.I. 31)**

**SMITH KATZENSTEIN & JENKINS LLP**

Robert J. Katzenstein (No. 378)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
rjk@skjlaw.com
dat@skjlaw.com

*Attorneys for Plaintiff*
*Clark's Glasgow Pools, Inc.*

Dated: September 8, 2026

**TABLE OF CONTENTS**

TABLE OF CITATIONS ..... iii

I. SUMMARY OF ARGUMENT ..... 1

II. ARGUMENT ..... 2

A. DiSabatino's New Counterclaims Assert Only Rights Equivalent to Section 106(5) of the Copyright Act and Are Preempted. ..... 2

1. DiSabatino's "Independent Property Right" Is Ownership of a Copyright ..... 2

2. DiSabatino Does Not Plead the Extra Elements Necessary to Overcome Preemption. ..... 3

B. The Conversion Count Independently Fails Under Delaware Law. ..... 5

1. Conversion of Intangible Photographs is Preempted. ..... 5

2. Conversion of Tangible Photographs is Not Pleaded. ..... 6

C. The Unjust-Enrichment Count Independently Fails—DiSabatino Does Not Plead A Relationship Between The Alleged Enrichment And An Invasion Of A Non-Copyright Protected Interest. ..... 8

D. Overlapping Subject Matter Does Not Supply The Missing Legal Elements That DiSabatino Fails To Plead. ..... 9

E. Leave to Amend Should Be Denied as Futile. ..... 9

III. CONCLUSION ..... 10

## TABLE OF CITATIONS

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 7

*CIT Commc'ns Fin. Corp. v. Level 3 Commc'ns, LLC*,
2008 WL 2586694 (Del. Super. Ct. June 6, 2008) ........ 8

*Cmty. for Creative Non-Violence v. Reid*,
490 U.S. 730 (1989) ........ 2

*Cognetx, Inc. v. Haughton*,
2010 WL 3370761 (E.D. Pa. Aug. 26, 2010) ........ 3

*Drug, Inc. v. Hunt*,
168 A. 87 (Del. 1933) ........ 5, 6

*Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*,
307 F.3d 197 (3d Cir. 2002) ........ 3

*ESG Capital Partners II, LP v. Passport Special Opportunities Master Fund, LP*,
2015 WL 9060982 (Del. Ch. Dec. 16, 2015) ........ 6

*Garfield on behalf of ODP Corp. v. Allen*,
277 A.3d 296 (Del. Ch. 2022) ........ 8

*Nemec v. Shrader*,
991 A.2d 1120 (Del. 2010) ........ 8

*Peirson v. Clemens, Inc., Southridge Inc.*,
2005 WL 681309 (D. Del. Mar. 23, 2005) ........ 4, 5, 8

*State ex rel. Jennings v. Monsanto Co.*,
299 A.3d 372 (Del. 2023) ........ 8

*Tegg Corp. v. Beckstrom Elec. Co.*,
650 F. Supp. 2d 413 (W.D. Pa. 2008) ........ 4, 5

*Triton Const. Co., Inc. v. E. Shore Elec. Servs., Inc.*,
2009 WL 1387115 (Del. Ch. May 18, 2009) ........ 6

**Statutes**

17 U.S.C. § 101 ........ 2

17 U.S.C. § 106 ........ 3, 5

17 U.S.C. § 301 ........ 1, 5

## I. SUMMARY OF ARGUMENT

DiSabatino's Answering Brief confirms what the Opening Brief demonstrated: its conversion and unjust-enrichment counterclaims are a copyright grievance wearing a state-law label.

1. DiSabatino does not dispute that photographs are works within the subject matter of copyright, that public display and reproduction are exclusive rights reserved to the copyright owner, or that it holds no registered copyright and seeks no statutory copyright remedy. (D.I. 33, at 1–2, 6–7) Its opposition instead recasts the claim as an "independent property right" in photographs it "paid to create." But the operative allegation never changes: Plaintiff allegedly "use[s] DiSabatino's photographs in [its] office and on its website as marketing materials." (D.I. 29, at ¶ 7) That is a claim to control the display and reproduction of images, which are rights Congress placed within the exclusive domain of the Copyright Act.

2. DiSabatino's relabeling of copyright as state-law claims creates a dilemma it cannot escape. If the counterclaims target the images themselves, they assert rights equivalent to those in Section 106 and are preempted. 17 U.S.C. § 301. If instead they rest on some tangible object, they are unpleaded, because the New Counterclaims allege no taking of any physical print, no loss of DiSabatino's own use of the photographs, and no demand for return. Either way, both counts fail.

3. Because these defects are legal rather than factual, DiSabatino's request for a third opportunity to re-plead its vague and unspecified claims should be denied.

## II. ARGUMENT

### A. DiSabatino's New Counterclaims Assert Only Rights Equivalent to Section 106(5) of the Copyright Act and Are Preempted.

DiSabatino accepts the governing framework of preemption but does not plead the additional elements required to overcome preemption. Instead, DiSabatino argues that there is yet an "independent property right" associated with the arranging and scheduling of photography that is distinct from copyright (D.I. 33, at 7–8), but these are incidents of copyright ownership, not a separate state-law property right.

#### 1. DiSabatino's "Independent Property Right" Is Ownership of a Copyright

DiSabatino's assertion that there must exist an "independent property right" in photographs it "paid to create" (D.I. 33, at 6–8) is misplaced. The allegations plead a chain of title to photographs DiSabatino already claims to own. But these allegations do not describe any alleged conduct by Plaintiff that is qualitatively different from the alleged display of photographs. (D.I. 29, at ¶ 7)

No matter how many steps DiSabatino attributes to the process of hiring a photographer and taking the photographs, ownership of a commissioned work is determined by the Copyright Act's work-for-hire framework. *See* 17 U.S.C. § 101 (defining "work made for hire"); *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 750–51 (1989) (interpreting Section 101). And here, DiSabatino has already pleaded that it **owns** "the photographs." (D.I. 29, at ¶ 9) In this context, DiSabatino's argument that it "arranged, staged, supervised, and paid for" the photographs (D.I. 33, at 6) merely describes facts related to its underlying claim of ownership and adds nothing. Since the pleadings already allege that DiSabatino owns the photographs, there is no additional state-law property right in images beyond the fundamental copyright claim. This is precisely what preemption forecloses.

### 2. DiSabatino Does Not Plead the Extra Elements Necessary to Overcome Preemption.

The facts as pleaded lead to preemption. Under the Third Circuit's "extra element" test, a state-law claim survives preemption only if it requires proof of an element "beyond mere copying, preparation of derivative works, performance, distribution or display," such that the claim is "qualitatively different" from copyright infringement. *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 217–18 (3d Cir. 2002) (quotation marks and citation omitted). DiSabatino's claims do not clear that bar, because the only conduct they identify—Plaintiff's alleged display and use of photographs—is precisely what Section 106 governs. 17 U.S.C. § 106(5).

DiSabatino's principal authority and subsequent case law prove the point against it. In *Dun & Bradstreet*, the trade secret misappropriation claim escaped preemption only because it required "evidence of the alleged breach of [the defendant's] duties to maintain the confidentiality of [plaintiff's] software and customer lists." *Dun & Bradstreet*, 307 F.3d at 219. In that case, the court concluded that the "trade secret claims were qualitatively different from the rights protected by the Copyright Act because Grace's evidence of breach of confidentiality constituted the extra element necessary to avoid preemption." *Id.* Similarly, the *Cognetx* case concerned substantial allegations of trade secret theft, including "alleged diversion of assets, customers, and employees," which the court concluded "are not equivalent to rights in copyright, and thus preemption does not apply." *Cognetx, Inc. v. Haughton*, 2010 WL 3370761, at *5 (E.D. Pa. Aug. 26, 2010). Unlike either *Dun & Bradstreet* or *Cognetx*, DiSabatino alleges no confidential relationship and no breach of any duty of trust. *Dun & Bradstreet* and *Cognetx* therefore support preemption here, not its avoidance.

The unjust-enrichment count is foreclosed by the court's decision in *Peirson*. In that case, the facts were materially identical to those in this case: the plaintiff alleged that the defendant received, retained, and subsequently used a copyrighted work, with the plaintiff seeking the defendant's profits. *Peirson v. Clemens, Inc., Southridge Inc.*, 2005 WL 681309, at *2 (D. Del. Mar. 23, 2005). The *Peirson* court held the unjust-enrichment claim preempted, because "to the extent that [the plaintiff] asserts an exclusive right to use of her [work]," the claim is equivalent to the reproduction and derivative-work rights protected by the Copyright Act. *Id.* (citation omitted). DiSabatino's theory is the same as the plaintiff in *Peirson*, namely that Plaintiff obtained a commercial "benefit" from allegedly displaying DiSabatino's photographs. (D.I. 29, at ¶ 13) That is a claim to the exclusive use of copyrightable images, and it is preempted.

The conversion count fails for the same reason. Where a conversion claim is premised on the use or benefit of copyrightable material rather than the taking of a physical object, it is functionally equivalent to the Section 106 rights and is preempted. *Cf. Peirson*, 2005 WL 681309, at *3; *see Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 432–35 (W.D. Pa. 2008) (discussing functional equivalency). That is true even when the material consists of images. Courts treat images as audiovisual works within the subject matter of copyright, so a conversion claim reaching them is preempted. *Tegg*, 650 F. Supp. 2d at 435. "[A] tangible possession, such as a manuscript, may be subject to conversion; yet an intangible work, such as a poem printed on that manuscript, is subject to copyright infringement." *Id*. at 433.

Within this context, DiSabatino's reliance on the conversion holding in *Peirson* is misplaced. That claim survived preemption for one reason only: the defendant retained the plaintiff's original tangible architectural drawings, which the Court found "constitutes the unlawful retention of a tangible item sufficient to satisfy a conversion claim." *Peirson*, 2005 WL

681309, at *3. Courts treat that tangible-embodiment scenario as the narrow exception and preempt conversion claims that, like DiSabatino's, rest on the use of copyrightable content. *Tegg Corp.*, 650 F. Supp. 2d at 432–35. The Amended Counterclaim alleges no taking of any physical print, only that Plaintiff displays "DiSabatino's photographs in [its] office and on its website as marketing materials[.]" (D.I. 29, at ¶ 7)

In addition, allegations that a party used copyrightable material "for its own benefit" do not supply an extra element. *Tegg Corp.*, 650 F. Supp. 2d at 434–35 (W.D. Pa. 2008) (finding claims to be "functionally equivalent to [plaintiff's] exclusive right to copy, distribute, and create derivative works"). The only extra elements courts have recognized in this line are a breach of a confidential duty or the retention of a tangible original. DiSabatino pleads neither.

**B. The Conversion Count Independently Fails Under Delaware Law.**

Even apart from preemption, the New Counterclaim for conversion does not state a claim. The dilemma is dispositive. To the extent that the New Counterclaim reaches intangible images, it is equivalent to the copyright display right and is preempted for the reasons above. And if the New Counterclaim must rest on tangible property, DiSabatino has not pleaded it. Most importantly, DiSabatino *retains full possession and use* of the photographs, which simultaneously defeats tangible conversion and defeats the demand-excusal exception.

**1. Conversion of Intangible Photographs is Preempted.**

First, Delaware does not categorically bar conversion of intangibles. *Drug, Inc. v. Hunt*, 168 A. 87, 93 (Del. 1933) (noting that the old rule to that effect "has been generally repudiated."). Thus, even though DiSabatino could allege a conversion of the intangible property associated with a photograph, to do so would overlap with the core privileges of copyright, namely the right to display and reproduce images. 17 U.S.C. §§ 301, 106(5). As discussed above,

DiSabatino alleges that Plaintiff has displayed photographs, which is preempted by copyright law. For this reason, the New Counterclaim for conversion should be dismissed.

**2. Conversion of Tangible Photographs is Not Pleaded.**

Second, to state a conversion claim as to tangible goods, a party must allege a property interest in the item, a right to possession, and that the defendant "wrongfully possessed or disposed of such property as if it were their own." *ESG Capital Partners II, LP v. Passport Special Opportunities Master Fund, LP*, 2015 WL 9060982, at *15 (Del. Ch. Dec. 16, 2015) (citation omitted). DiSabatino never alleges that Plaintiff possessed or withheld any physical photograph, or that DiSabatino was deprived of the use of its own images. That distinguishes this case from the possessory usurpation Delaware courts require. *Id.*

**a) Neither a demand nor an excusal is pleaded.**

Additionally, DiSabatino's attempt to excuse the absence of a demand fails on its own authority. Delaware law requires the owner of property to demand return before suing for conversion, and excuses the demand only "when the alleged wrongful act is of such a nature as to amount, in itself, to a denial of the rights of the real owner." *Drug, Inc.*, 168 A. at 94. That exception still requires an actual denial of the owner's possessory right. For example, in *Triton Const. Co., Inc. v. E. Shore Elec. Servs., Inc.*, the conversion claim failed precisely because the defendant "never denied any right" of the owner to the property. 2009 WL 1387115, at *24 (Del. Ch. May 18, 2009), *aff'd,* 988 A.2d 938 (Del. 2010). So too here, DiSabatino retains full possession and use of its photographs, and Plaintiff's alleged use denies DiSabatino nothing.

DiSabatino attempts to sidestep the demand excusal requirement by inserting new matter into the pleadings and arguing that the New Counterclaims allege "conduct **denying** or inconsistent with DiSabatino's ownership rights." (D.I. 33 at 9–10 (emphasis added) (citing

D.I. 29, at ¶¶ 7, 9)). But the New Counterclaims do not use this "denial" language and are devoid of factual allegations alleging a denial of DiSabatino's rights.

In fact, the Answering Brief takes the opposite position and argues elsewhere that "DiSabatino's photographs" are the very same images the Complaint allege appear on DiSabatino's website.[1] (D.I. 33, at 5) The pleadings are clear: DiSabatino actively *pleads* facts that it retains possession and use of its photos, so no denial of a possessory right is alleged. (*Compare, e.g.*, D.I. 1, at ¶¶ 22–23 (alleging that DiSabatino hosts an image of a pool built by Plaintiff in a gallery of photos on DiSabatino's website attributed to Pronto Pools), *with* D.I. 11, at ¶¶ 22–23 (admitting the same in the Answer)) Here, the exception cannot rescue a counterclaim that pleads neither a demand and refusal to return nor a denial of DiSabatino's rights sufficient to justify.

**b) The lack of specificity is defective pleading.**

DiSabatino's remaining answer that the specificity of the photographs is a merits question, not a pleading requirement (D.I. 33, at 5), misses the point. DiSabatino mischaracterizes Plaintiff's position as requiring DiSabatino to "identify each photograph individually" (*id.*) when the Opening Brief argues that the New Counterclaims lack "clear, factual allegations." (D.I. 32, at 6) Whatever Federal Rule of Civil Procedure 8 requires, the vagueness of the term "DiSabatino's photographs" clearly prevents DiSabatino from identifying any tangible item taken or any possessory right denied. Moreover, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). And the New Counterclaims do not state a claim for conversion that is plausible on its face, because they do not identify the property allegedly

[1] The New Counterclaims contain no such factual allegation. (*See generally* D.I. 29, at ¶¶ 1–14).

converted. A conversion plaintiff must ultimately identify "precisely what property the defendant converted" and a viable interest at the time. *CIT Commc'ns Fin. Corp. v. Level 3 Commc'ns, LLC*, 2008 WL 2586694, at *2 (Del. Super. Ct. June 6, 2008). Here, the pleading defect and the specificity gap are one and the same.

### C. The Unjust-Enrichment Count Independently Fails—DiSabatino Does Not Plead A Relationship Between The Alleged Enrichment And An Invasion Of A Non-Copyright Protected Interest.

The unjust-enrichment count fails first for the preemption reasons set out above: a claim seeking the exclusive benefit of using copyrightable images is preempted. *Peirson*, 2005 WL 681309, at *2 (finding preemption of an unjust enrichment claim). The existence of copyright law matters here not as a missing element of the claim but as proof of equivalency. Because federal copyright law governs the very right DiSabatino seeks to vindicate, the claim is preempted.

Plaintiff does not press the separate contention that DiSabatino failed to plead the "absence of a remedy at law"; the Delaware Supreme Court has held that this element applies only when an unjust-enrichment claim is brought in the Court of Chancery. *State ex rel. Jennings v. Monsanto Co.*, 299 A.3d 372, 390–91 (Del. 2023). Nor does the claim's survival turn on whether DiSabatino suffered a monetary loss. Delaware law does not require a party to plead "an actual financial loss," because restitution may rest on the benefit conferred on the defendant. *Nemec v. Shrader*, 991 A.2d 1120, 1130 n.37 (Del. 2010). But that reframing and DiSabatino's inferences do not save the counterclaim. Even under the modern formulation, a plaintiff must still plead "a relationship between the challenged enrichment and an invasion of the plaintiff's protected interests." *Garfield on behalf of ODP Corp. v. Allen*, 277 A.3d 296, 346 (Del. Ch. 2022). Here, the only protected interest DiSabatino identifies is the right to control the use and display of its images, which is squarely a copyright interest. The required nexus is therefore

either preempted or unpleaded. Read as a whole, the Amended Counterclaim alleges an enrichment and nothing more that Delaware law recognizes as connecting that enrichment to a cognizable invasion of DiSabatino's rights. To the extent the unjust enrichment claim is not preempted, the New Counterclaims' failure to plead a nexus under *Garfield* is an independent, non-preemption ground for dismissal.

### D. Overlapping Subject Matter Does Not Supply The Missing Legal Elements That DiSabatino Fails To Plead.

DiSabatino argues that Plaintiff sued over "the *same* photographs," so it cannot claim not to know which photographs are at issue and dismissal is premature. (D.I. 33, at 12 (emphasis added)) Here, DiSabatino misrepresents the pleadings and mischaracterizes Plaintiff's position. First, the Complaint concerns DiSabatino's and Pronto's use of images of *pools built by Plaintiff* to market Pronto's competing services. (*E.g.*, D.I. 1, at ¶ 22) The New Counterclaims do not plead that the photographs allegedly displayed in Plaintiff's "office and on its website" are the *same* photographs identified in the Complaint. (D.I. 29, at ¶ 7) Second, in moving to dismiss the New Counterclaims for failure to state a claim (D.I. 31), Plaintiff neither concedes DiSabatino's ownership of the photographs nor concedes that Plaintiff's own use is wrongful. The overlap in subject matter does not supply the missing legal elements (tangible property, denial of possessory right, a non-copyright protected interest, or a nexus).

### E. Leave to Amend Should Be Denied as Futile.

DiSabatino closes by requesting leave to amend the New Counterclaims a third time. (D.I. 33, at 13) That request should be denied. This is already DiSabatino's second pleading: the Court dismissed the original counterclaims as "bare-bones" and granted leave to amend to cure the deficiencies. (D.I. 28) The New Counterclaims added no new operative facts. More fundamentally, the defects are legal, not factual. A claim founded on Plaintiff's display and use

of images is a copyright grievance by nature; no additional allegations about how DiSabatino "arranged," "staged, supervised," or "paid for" the photographs can convert it into a non-preempted state-law tort, supply a physical taking that did not occur, or manufacture a demand that was never made. Further amendment would be futile, and the counterclaims should be dismissed with prejudice.

## III. CONCLUSION

For the foregoing reasons and those stated in the Opening Brief, Plaintiff respectfully requests that the Court dismiss DiSabatino's New Counterclaims for conversion and unjust enrichment with prejudice.

Dated: September 8, 2026

Respectfully Submitted,

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Robert J. Katzenstein (No. 378)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
rjk@skjlaw.com
dat@skjlaw.com

*Attorneys for Plaintiff*
*Clark's Glasgow Pools, Inc.*